SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUELLEN CRANO, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SOJERN, INC.,<br><br>Defendant. | Case No. 3:25-cv-2600-JSC<br><br>**DEFENDANT SOJERN, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DATE: August 14, 2025<br>TIME: 10:00 a.m.<br>CTRM: 8, 19th Floor<br><br>Action Filed: March 17, 2025<br>FAC Filed: June 5, 2025 |

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 3

II. STATEMENT OF ISSUES TO BE DECIDED—L.R. 7-4(a)(3) ..... 4

III. FACTUAL ALLEGATIONS AND BACKGROUND ..... 4

A. Sojern is a Travel Marketing Platform that Serves at the Behest of its Users. ..... 4

B. As a Hilton Honors Member, Plaintiff Agreed to the Hilton Honors Terms, the Site Usage Agreement, and Hilton's Global Privacy Statement Which Disclose the Alleged Conduct. ..... 5

C. Plaintiff Similarly Agreed to the Marriott Bonvoy Loyalty Program Terms & Conditions, Which Disclose the Alleged Conduct. ..... 5

D. Plaintiff Sues Over Hilton and Marriott's Disclosed Use of Sojern's Technology. ..... 6

IV. LEGAL STANDARD ..... 6

V. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM BECAUSE SHE LACKS ARTICLE III STANDING ..... 7

A. Plaintiff Does Not Allege an Injury Fairly Traceable to Sojern ..... 7

VI. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM. ..... 8

A. Plaintiff's CIPA Claims Fail. ..... 8

1. Plaintiff Consented to the Alleged Data Collection. ..... 8

2. Plaintiff's CIPA claims fail for additional reasons. ..... 10

a. Plaintiff Admits That Sojern Received Information Transmitted by a Party to the Communication. ..... 10

b. Plaintiff Admits That the Information Was Transmitted to Sojern Rather Than Intercepted and That the Information Was Technical Rather Than Content Based. ..... 12

c. Plaintiff Does Not Allege That Sojern Read Any Information In Transit. ..... 13

d. Plaintiff's CIPA Claim Falls Outside the Statute of Limitations. ..... 14

B. Plaintiff's UCL claim fails. ..... 15

C. Plaintiff's unjust enrichment claims fail. ..... 17

D. Plaintiff's ECPA Claims Fail for the Same Reasons as Her CIPA Claims ..... 17




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

E. Plaintiff's Invasion of Privacy Claim Fails. ........................................................ 17

F. Equitable Remedies are Unavailable to Plaintiff. ................................................ 19

VII. CONCLUSION ........................................................................................................ 19




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .......... 17

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 878100 (C.D. Cal. Feb. 29, 2024) .......... 14, 15

*Bayview Hunters Point Residents v. Tetra Tech EC, Inc*.,
2021 WL 1222164 (N.D. Cal. Mar. 31, 2021) .......... 16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7

*Brodsky v. Apple, Inc*.,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 14

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .......... 11

*Cody v. Boscov's*, *Inc*.,
2023 WL 2338302 (C.D. Cal. 2022) .......... 11, 12

*Crano v. Hilton Worldwide Holdings, Inc.*,
Case No. 1:25-cv-00305-RDA (E.D. Va) .......... 3

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 16, 17

*Graham v. Noom*,
533 F.Supp.3d 823 (N.D. Cal. 2021) .......... 11

*Graham v. Wells Fargo Bank, N.A.*,
2017 WL 86013 (N.D. Cal. Jan. 10, 2017) .......... 15

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 17, 18, 19

*Hill v. Nat'l Collegiate Athletic Assn.*
7 Cal.4th 1 (1994) .......... 18

*I.C. v. Zynga, Inc*.,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 15



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ..... 19

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ..... 9, 12, 16, 17

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ..... 17

*James v. Allstate Ins. Co.*,
2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) ..... 10, 14

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ..... 15

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ..... 13

*Lakes v. Ubisoft, Inc.*,
2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) ..... 8

*Libman v. Apple, Inc.*,
2024 WL 4314791 (N.D. Cal. Sept. 26, 2024) ..... 8

*Licea v. Am. Eagle Outfitters, Inc.*,
2023 WL 2469630 (C.D. Cal. 2023) ..... 11

*Licea v. Cinmar, LLC*,
2023 WL 2415592 (C.D.Cal. Mar. 7, 2023) ..... 11

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. Mar. 7, 2023) ..... 14

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) ..... 12

*Montantes v. Inventure Foods*,
2014 WL 3305578 (C.D.Cal. July 2, 2014) ..... 10

*Negro v. Super. Ct.*,
230 Cal.App.4th 879 (2014) ..... 10

*Phillips v. Brooklyn Bedding LLC*,
2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) ..... 19

*Ribas v. Clark*,
38 Cal.3d 355 (1985) ..... 11

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) ..... 17



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) .......... 14

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) .......... 15

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021) .......... 8

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .......... 8, 9

*Smith v. LoanMe, Inc.*,
11 Cal.5th 183 (2021) .......... 10

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 18

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 19

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 7

*Tamraz v. Bakotic Pathology Assocs., LLC*,
2022 WL 16985001 (S.D. Cal. Nov. 16, 2022) .......... 15

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (1978) .......... 10

*TBG Ins. Servs. Corp. v. Super. Ct.*,
96 Cal.App.4th 443 (2002) .......... 10

*TransUnion LLC v. Ramirez*,
141 S.Ct. 2190 (2021) .......... 7

*Valenzuela v. Super Bright LEDs Inc.*,
2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) .......... 13

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) .......... 7, 8

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 12



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Statutes**

28 U.S.C.
§ 1404(a) ........................................ 4

California Civil Code
§ 53.5 ........................................ 16, 17, 18
§ 53.5(i) ........................................ 16, 18
§ 53.5(a) ........................................ 16
§ 53.5(f) ........................................ 16
§§ 1798.100-1798.196 ........................................ 13
§ 1798.115 ........................................ 13
§ 1798.120 ........................................ 13
§ 1798.130 ........................................ 13
§ 1798.135 ........................................ 13
§ 1798.140(v)(1)(A) ........................................ 13

California Penal Code
§ 631 ........................................ 11, 13, 14
§ 631(a) ........................................ 10, 12
§ 632 ........................................ 14

**Rules**

Federal Rules of Civil Procedure
Rule 12(b)(1) ........................................ 4, 6
Rule 12(b)(6) ........................................ *passim*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jacqueline Scott Corley of the above-titled Court, located at 450 Golden Gate Avenue, Courtroom 8, 19th Floor, San Francisco, California 94102, Defendant Sojern, Inc. ("Sojern") will and hereby does move this Court for an order dismissing Plaintiff's First Amended Complaint (the "FAC") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6) (the "Motion").

Plaintiff asserts five causes of action, purportedly on behalf of a putative class comprised of individuals who "had their personal information collected by Sojern while booking an inn, hotel, motel, or lodging house," (FAC ¶ 78), for (1) violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a); (2) violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.*; (3) invasion of privacy; (4) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Pro. Code § 17200, *et seq.*; and (5) common law unjust enrichment. This Motion is made on the grounds that this case should be dismissed because Plaintiff failed to allege sufficient facts to establish Article III standing and failed to state a claim upon which relief can be granted. In particular:

(1) Plaintiff fails to allege injury-in-fact sufficient to establish Article III standing;

(2) Plaintiff fails to state a claim under Cal. Penal Code §§ 631(a), the ECPA, for invasion of privacy; the UCL; or for unjust enrichment.

This Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Spencer Persson, the Request for Judicial Notice and attached exhibits, the pleadings and other papers on file herein, and upon such oral argument as the Court may entertain at the hearing on this Motion.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: June 26, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: [signature]
Spencer Persson
Attorneys for Defendant Sojern, Inc.





DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This action represents the second lawsuit Plaintiff Suellen Crano has filed alleging that her voluntary use of Hilton Worldwide Holding Inc.'s ("Hilton") website and Hilton's use of third-party service providers to engage in lawful advertising activity somehow constitutes a violation of criminal wiretapping laws. In her First Amended Complaint ("FAC"), she now expands her claims to allege that her voluntary use of Marriott International, Inc.'s ("Marriott") website and Marriott's use of Sojern's services also violates wiretapping laws. (FAC ¶ 4). Specifically, Plaintiff wants this Court to believe that Hilton and Marriott's use of Sojern's advertising technology on the Hilton and Marriott websites—technology that merely facilitates the service of advertisements to Plaintiff for Hilton and Marriott hotels she has previously browsed—constitutes wiretapping. Plaintiff's claims against Sojern are entirely without merit, and Sojern cannot be accused of wiretapping where Plaintiff concedes that Hilton and Marriott engaged Sojern and voluntarily transmitted her data to Sojern.

The Court should dismiss Plaintiff's Complaint with prejudice for the following reasons. First, Plaintiff lacks standing to bring her claims because Plaintiff does not allege that Sojern caused her to suffer any injury sufficient to fulfill Article III's requirements for subject matter jurisdiction. Second, Plaintiff's claims fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Her wiretapping claims fail because she consented to Hilton and Marriott's use of cookie technology, she fails to establish the technical requirements for a wiretapping claim and, even if she had not consented and Hilton and Marriott's use of cookies somehow violated the law, any such claim could only be brought against Hilton or Marriott. Plaintiff's Unfair Competition Law ("UCL") and unjust enrichment claims similarly fail where she cannot articulate any underlying violation of law and she has suffered no damage. These deficiencies cannot be cured, and the FAC should be dismissed with prejudice.[1]

[1] In addition, this case belongs in the Eastern District of Virginia, where the current lawsuit filed against Hilton is pending following transfer from the Central District of California. *See Crano v. Hilton Worldwide Holdings, Inc.*, Case No. 1:25-cv-00305-RDA (E.D. Va). Plaintiff agreed to Hilton's Site Usage Agreement, which provides that all disputes relating to her use of Hilton's website must be filed in the Eastern District of Virginia. Plaintiff's claims



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II. STATEMENT OF ISSUES TO BE DECIDED—L.R. 7-4(A)(3)

Whether this Court should dismiss Plaintiff's FAC against Sojern under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. FACTUAL ALLEGATIONS AND BACKGROUND

### A. Sojern Is a Travel Marketing Platform That Serves at the Behest of Its Users.

According to the FAC, Sojern is a travel marketing platform that "***allows hotels to identify and advertise to in-market travelers*** for purposes of online behavioral advertising and to optimize advertising campaigns." (FAC ¶ 32) (emphasis added). "Think of browsing a hotel room and then later seeing advertising for that hotel room on Facebook." (*Id.* ¶ 54). Plaintiff alleges that websites like Hilton.com and Marriott.com install Sojern's technology on their websites which "causes tracking software to be installed on the consumer's computer" which "intercepts the consumer's communications with the hotel and discloses those communications to Sojern." (*Id.* ¶ 4). In other words, it is "a website developer like Hilton or Marriott" who use "its source code to commandeer the user's computing device, causing the device to contemporaneously in real time and invisibly re-direct the users' personally identifiable guest records and communications to third parties like Sojern." (*Id.* ¶ 25). Indeed, Plaintiff is clear in both the FAC and other pleadings that hotel operators like Hilton and Marriott "place[] Sojern's … technology" on their websites and "transfer [users'] information to Sojern." (Pl.'s Response to Order to Show Cause, ECF No. 26 at 1). Plaintiff alleges that the "transmission to the third-party technology provider contains" technical information, "including the GET and POST requests, the webpage's [URL] and metadata," and "user IP address." (FAC ¶¶ 27–28).

Plaintiff booked Hilton and Marriott hotel rooms on Hilton.com (the "Hilton Website") and Marriott.com (the "Marriott Website"). (*Id.* ¶ 4). Plaintiff is both a Hilton Honors member

---

against Sojern fall within the scope of the forum-selection clause; the clause is valid and enforceable; and Sojern may avail itself of the forum-selection clause because it is "closely related" to the agreement between Plaintiff and Hilton. Accordingly, this Court should enforce the forum-selection clause and transfer this case to the Eastern District of Virginia under 28 U.S.C. § 1404(a).[1] Sojern's motion to transfer venue is being considered by this Court in separate briefing. (ECF Nos. 17, 22, 26, 27).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and a Marriott Bonvoy member, with Hilton Honors and Marriott Bonvoy points that can be exchanged toward the cost of future Hilton and Marriott hotel room reservations. (*Id.*). Plaintiff has been a Hilton Honors member since March, 22, 1995, and she last accessed Hilton's website on April 4, 2024. (Request for Judicial Notice ("RJN") Exhibit K, at 1; FAC ¶ 4). Plaintiff last booked a stay with Marriott "on or around August 2, 2023." (FAC ¶ 4).

**B. As a Hilton Honors Member, Plaintiff Agreed to the Hilton Honors Terms, the Site Usage Agreement, and Hilton's Global Privacy Statement Which Disclose the Alleged Conduct.**

When a user books a stay at a Hilton-branded hotel on Hilton's website, the user agrees to the Site Usage Agreement and Hilton's Global Privacy Statement. (RJN Exs. A; B; C; D; E; F; I; J at ¶ 5). Similarly, to become a Hilton Honors member, a user must agree to the Hilton Honors Terms. (RJN Exs. L at ¶ 4; F, G). Since 2020, the Hilton Honors Terms expressly incorporate the Hilton Global Privacy Statement. (RJN Exs. G at 27; H at 28; *see* Exs. C & D).

The Hilton Global Privacy Statement provides that Hilton "partner[s] with third parties to provide advertising services that are targeted based on your online activities across websites, mobile apps, and devices over time." (RJN Ex. C at 46; Ex D at 23). It discloses that "advertising partners may collect information about your activities on our Services on your current device and combine it with information about your activities on other websites, mobile apps, and devices." (RJN Ex. C at 46; Ex D at 23). It specifies that third parties, like Sojern, "may collect such information using server logs, cookies, web beacons, tags, pixels, mobile advertising IDs (such as Facebook cookies or Google's Advertising ID), cross-device linking, and similar technologies." (RJN Ex. C at 46; Ex D at 23). Further, it explicitly states that third parties "may use the fact that you visited our website to target advertising to you on other websites and mobile apps[.]" (RJN Ex. C at 46; Ex D at 23).

**C. Plaintiff Similarly Agreed to the Marriott Bonvoy Loyalty Program Terms & Conditions, Which Disclose the Alleged Conduct.**

To accumulate Marriott Bonvoy points, a user must create an account with Marriott's Loyalty Program and activate that account online. (RJN Ex. M). Loyalty Program members





DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

agree to "the collect[ion], use, and disclos[ure] of [their] Personal and Other Data" pursuant to the Marriott Group's Global Privacy Statement ("Marriott Global Privacy Statement"). (RJN Ex. N at 1). The Marriott Global Privacy Statement covers the data collected "from third parties" including advertising and marketing partners, (*id.* at 5), and informs users that it "may use third-party advertising companies to serve advertisements on [Marriott's] Websites, Apps, and other websites" based on a user's interest. (*Id* at 8). The Marriott Global Privacy Statement explains that companies, like Sojern, may "place or recognize a unique cookie on your browser" to serve related advertisements. (*Id.*). It also provides that users may "opt-out of the use of [their personal data] for targeted advertising (if those rights are available to [the user] under state law)." (*Id.* at 3).

### D. Plaintiff Sues Over Hilton and Marriott's Disclosed Use of Sojern's Technology.

Plaintiff alleges Sojern does exactly what the Hilton and Marriott Global Privacy Statements say third parties will do: use its technology to improve Hilton and Marriott's advertising by registering visitors' activity on Hilton and Marriott's websites. (FAC ¶¶ 4, 33, 54). Plaintiff's claims relate to her activities on Hilton and Marriott's websites, which is explicitly provided for in the both Privacy Statements. (RJN Ex. C at 46; Ex D at 23; RJN Ex. N at 8).

## IV. LEGAL STANDARD

Sojern moves to dismiss Plaintiff's FAC with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Under Rule 12(b)(1), a plaintiff must allege standing by having "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'" *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021)(quotation omitted).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. It requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## V. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM BECAUSE SHE LACKS ARTICLE III STANDING.

To establish Article III standing, Plaintiff must allege that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff fails to make specific allegations sufficient to establish injury-in-fact, and, therefore, her claims must be dismissed.

### A. Plaintiff Does Not Allege an Injury Fairly Traceable to Sojern.

Plaintiff fails to plead any injury fairly traceable to Sojern. "To establish causation [under Article III], plaintiffs must allege that their injuries are 'fairly traceable' to [a defendant's] conduct" and "not the result of the independent action of some third party[.]" *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525 (9th Cir. 2023) (affirming lack of standing where employer had discretion to set employee contributions for insurance plan so any injury based on increased employee costs was not fairly traceable to plan administrator). Here, Plaintiff does not allege collection of any personally identifiable data by *Sojern*; she alleges only that Hilton and Marriott, by engaging Sojern, shared Plaintiff's information with Sojern. (FAC ¶ 4). She alleges that both Hilton and Marriott own and operate their own websites and that they each "integrated the Sojern Tracking Pixel," and that Hilton and Marriott "participate in the Sojern marketing enterprise." (*Id.* ¶¶ 42–43, 97). Even if she had alleged that Sojern (rather than Hilton and Marriott) collected her personal information, that injury was not due to any action by Sojern but, instead, due to the discretionary choices of the website operators, in this case, Hilton and



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Marriott. As such, any privacy injury is not traceable to Sojern but to Hilton and Marriott[2] whose conduct caused the alleged collection and disclosure of Plaintiff's information. *See Winsor*, 62 F.4th at 525 ("To establish causation, plaintiffs must allege that their injuries are fairly traceable to [Defendant's] conduct and not the result of independent action of some third party not before the court." (quotations omitted)).

## VI. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM.

### A. Plaintiff's CIPA Claims Fail.

The Court should dismiss Plaintiff's California Invasion of Privacy Act ("CIPA") claims with prejudice pursuant to Rule 12(b)(6) because: (1) Plaintiff consented to Sojern's data collection, (2) Plaintiff otherwise fails to state a plausible claim under CIPA, and (3) her claim falls outside of the limitations period for a CIPA claim.

#### 1. Plaintiff Consented to the Alleged Data Collection.

Consent forecloses all of Plaintiff's claims. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955 (N.D. Cal. 2017) (consent bars CIPA and invasion of privacy claims). Courts routinely dismiss privacy claims based on plaintiffs' consent to the challenged practice. *See id.*; *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) (dismissing CIPA claims: "privacy policies … can establish consent to the alleged conduct challenged under various states' wiretapping statutes and related claims"); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *7 (N.D. Cal. Sept. 26, 2024) (dismissing CIPA and privacy claims based on notice of data practices); *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *4, 8 (N.D. Cal. Apr. 2, 2025) (dismissing CIPA and invasion of privacy claims; "Consideration of consent is appropriate on a motion to dismiss where lack of consent is an element of the claim").

Here, Plaintiff consented to the challenged data practices, which were plainly disclosed in the both the Hilton and Marriott Global Privacy Statements and which Plaintiff agreed to in order to use the websites and to be a Hilton Honors and Marriott Bonvoy member. (RJN Ex. C at 46;

[2] To be clear, Sojern does not believe that Plaintiff has articulated any violation of law by Hilton or Marriott, either.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Ex D at 23; Ex. M at 2). The Hilton Global Privacy Statement provides that Hilton "partner[s] with third parties to provide advertising services that are targeted based on your online activities across websites, mobile apps, and devices over time." (RJN Ex. C at 46; Ex D at 23). It further explains that third parties, like Sojern, "may collect such information using server logs, cookies, web beacons, tags, pixels, mobile advertising IDs (such as Facebook cookies or Google's Advertising ID), cross-device linking, and similar technologies." (RJN Ex. C at 46; Ex D at 23). And the Hilton Global Privacy Statement says third parties "may use the fact that you visited our website to target advertising to you on other websites and mobile apps[.]" (RJN Ex. C at 46; Ex D at 23). Marriott's Global Privacy Statement also explicitly discloses Sojern's alleged conduct; it provides that Marriott uses "third-party advertising companies to serve advertisements on [Marriott's] [w]ebsites, [a]pps, and *other websites*." (RJN Ex. N at 8 (emphasis added)).

As the Court held in *Smith*, such "broad disclosures" encompass the tracking technologies underlying all of Plaintiff's claims and, therefore, constitute Plaintiff's consent to the alleged conduct, barring her claims as a matter of law. 262 F. Supp. 3d at 953. Plaintiff's FAC offers nothing more than conclusory assertions that she did not consent, (*see* FAC ¶ 4), which cannot prevent the dismissal of her claims. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) (dismissing CIPA claim, noting "Plaintiffs' allegation that the recordings 'were made without Plaintiffs' consent' is conclusory").

Moreover, even if these disclosures were not sufficient for some reason as to Plaintiff (a long-time Hilton Honors member and Marriot Bonvoy member since at least 2023), she necessarily consented when she voluntarily visited both websites. A plaintiff can impliedly consent to an interception, and "the circumstances involved with certain kinds of communications," like web communications, "may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient." *Negro v. Super. Ct.*, 230 Cal.App.4th 879, 892 (2014); *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 194 fn. 4 (2021); *TBG Ins. Servs. Corp. v. Super. Ct.*, 96 Cal.App.4th 443, 452 fn. 8 (2002) ("[A]ny reasonably intelligent person 'savvy enough' to use the Internet is aware that messages are received in a recorded format …; by sending a communication over the Internet, the party



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

expressly consents to the recording of the message[.]"); *Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D.Cal. July 2, 2014) ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording….").

In short, there can be no question that Plaintiff consented to Hilton and Marriott's use of cookies when she agreed to their terms of use years before the alleged violations and when she voluntarily visited their websites.

**2. Plaintiff's CIPA Claims Fail for Additional Reasons.**

CIPA § 631(a) contains three direct-liability clauses prohibiting: "[1] intentional wiretapping, [2] willfully attempting to learn the contents or meaning of a communication in transit over a wire, [or 3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978). Section 631(a) also contains a fourth clause, which provides for derivative liability for aiding another in violating any one of the first three. *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *2 (N.D. Cal. Dec. 22, 2023). Plaintiff fails to plead a violation of any of the four clauses of Section 631(a).

**a. Plaintiff Admits That Sojern Received Information Transmitted by a Party to the Communication.**

As an initial matter, the conduct alleged by Plaintiff cannot violate CIPA at all. The FAC is clear that both Hilton and Marriott contracted with Sojern, installed Sojern's technology on its site, and thereafter transmitted information to Sojern. (FAC ¶ 4). Thus, any claim for a violation of CIPA must be asserted against Hilton or Marriott, but any claim against Hilton or Marriott is barred by the well-established "party exception." As the California Supreme Court has explained, "Section 631 was aimed at one aspect of a privacy problem—eavesdropping, or the secret monitoring of conversations *by third parties*." *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985) (emphasis added). Accordingly, "section 631 does not penalize the secret recording of a conversation by one of the *participants*." (*Id.* at 360 n.3).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Even if Plaintiff did not admit that Hilton and Marriott transmitted information to Sojern, for Plaintiff to establish that Sojern violated CIPA she "must provide facts suggesting that [Sojern is] recording [Hilton and Marriott's] customers' information for some use or potential future use *beyond simply supplying this information back to [Hilton and Marriott]*"; otherwise, Sojern is merely acting as an extension of the Hilton or Marriott, who are each (as stated above) excepted as a party to the communication. *Cody v. Boscov's*, *Inc*., 2023 WL 2338302, at *2 (C.D. Cal. 2022) (emphasis added); *Graham v. Noom*, 533 F.Supp.3d 823, 832-833 (N.D. Cal. 2021) (vendor who "captures" and "hosts" client data for defendant's own use acts as extension of defendant). Thus, allegations that a third-party vendor merely provides data analytics back to the website owner are insufficient to state a claim. *Licea v. Cinmar, LLC*, 2023 WL 2415592, at *9 (C.D.Cal. Mar. 7, 2023) (dismissing matter where allegations that third party "boasts of its ability to harvest valuable data" "for financial gain" merely suggested "third party analyzed or used the data on behalf of or in tangent with Defendant"); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *9 (C.D. Cal. Feb. 14, 2023) (dismissing matter where allegations showed "third-party vendor's software was merely a tool that Defendant used to record communications") (cleaned up).

Here, Plaintiff has not alleged facts showing Sojern misused any data for its own benefit. Rather, Plaintiff admits that Sojern uses its technology to improve Hilton and Marriott's advertising by registering visitors' browsing activity on Hilton and Marriott's websites. (FAC¶¶ 4, 33, 41, 54). Regarding use for its own benefit, Plaintiff merely alleges that Sojern "uses the information collected for its own internal business purpose, including research and product development and improvement." (FAC ¶ 38). Nothing about this allegation supports a CIPA claim. *See Hot Topic*, 2023 WL 2026994, at *10 (dismissing "contention that the third party 'harvests data for financial gain'" as a "mere conclusion"); *Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *6-8 (C.D. Cal. 2023) (dismissing allegation "third parties … harvest data for financial gain" as conclusory); *Boscov's*, 2023 WL 2338302, at *2 (dismissing claim where allegation third parties "use the code embedded . . . to 'harvest valuable data from such customer communications for the benefit of their clients like Defendant'" was conclusory). In



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

sum, Plaintiff's allegations demonstrate that Sojern operated at the will and as an extension of Hilton or Marriott, and its conduct therefore cannot serve as grounds for an intentional wiretapping claim.

**b. Plaintiff Admits That the Information Was Transmitted to Sojern Rather Than Intercepted and That the Information Was Technical Rather Than Content Based.**

From a technical standpoint, Plaintiff's claims under Section 631(a) also fail. "The first clause of § 631(a) protects only communications that are made over a 'wire, line, or cable.'" *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (collecting cases). Plaintiff admits that she accessed both websites "using the Chrome browser on her computer." (FAC ¶ 4). Plaintiff also fails to allege the collection of any communication, its contents, or that Sojern read the contents while in transit. Applied to online advertising and analytics tools, Section 631(a) "protects only the internal, user-generated material of a message," *i.e.*, "contents of an online communication," not "record information" like "keystrokes, mouse clicks, pages viewed, and shipping and billing information." *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021).

Plaintiff fails to allege that her interactions with Hilton or Marriott's websites created anything more than "record information." Plaintiff alleges that "[w]hen an individual uses a web browser to navigate a website, a number of communications occur between the user's computer and the server that hosts the website." (FAC ¶ 19). She alleges that the "contents" of these "communications" include: "a 'GET' request sent from the user's computer to the website server, and a responsive 'POST' request sent from the website server to the user's computer"; the URL; "[t]he IP address of the user's connection to the internet"; "information on the user agent[,] … such as the device, operating system, and web browser"; and a timestamp of the request. (*Id.*). Plaintiff further alleges that the "communications" contain "additional data that the tracking technology is configured to collect," including "unique identifiers." (*Id.* ¶ 19). This information is merely record information, not contents. *See, e.g., Katz-Lacabe v. Oracle Am.,*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Inc.*, 668 F. Supp. 3d 928, 945 & n.9 (N.D. Cal. 2023) ("page visits, purchase intent signals, and add-to-cart actions" are not contents).

Moreover, California's comprehensive privacy law, the California Consumer Privacy Act (the "CCPA"), was designed to specifically address the online privacy concerns of consumers. Civ. Code §§ 1798.100-1798.196. The CCPA expressly acknowledges that businesses operating online collect personal information, including technical information like IP addresses, *see* Civ. Code § 1798.140(v)(1)(A), and provides the parameters for doing so. Civ. Code §§ 1798.115 (right to know what PI is sold and shared), 1798.120 (right to opt out), 1798.130 (notice, disclosure, correction, and deletion requirements), 1798.135 (methods of limiting sale, sharing, and use of information). As such, the collection of this information is merely record information which does not violate CIPA and, in fact, is expressly permitted under the CCPA.

**c. Plaintiff Does Not Allege That Sojern Read Any Information in Transit.**

Plaintiff's Section 631 claims also fail under the second clause because even if she had alleged Sojern captured anything more than "record information," she has not plausibly alleged that Sojern attempted to "read" her communications "while … in transit." *Valenzuela v. Super Bright LEDs Inc.*, 2023 WL 8424472, at *8 (C.D. Cal. Nov. 27, 2023). To the extent that the communications were between a website user and the host website, including the "GET request" and a "POST" request, (FAC ¶¶ 19, 27), Plaintiff has not plausibly alleged that Sojern attempted to *read* any communication generated from her interactions with either Hilton or Marriott's websites. In a conclusory fashion, Plaintiff alleges that "Defendant … reads or attempts to read or learn the contents or meaning of any message" by "compelling a visitor's browser to disclose event data for a booking." (FAC ¶ 55). This allegation is too vague to establish that Sojern "read" any communications. *See B.K. v. Eisenhower Med. Ctr.*, 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (allegation that service "intercepted, viewed, analyzed, and used" health information too "vague" to establish anyone actually viewed data).

Plaintiff must allege not only that Sojern attempted to read the communications but also that it did so *while the communications were in transit*. This is so because CIPA distinguishes



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

between "what the third party does during the conversation and … what [it] does with the recorded transcripts after the conversation." *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1108 (C.D. Cal. Mar. 7, 2023) (dismissing § 631 claim); *see Rodriguez v. Google LLC*, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (CIPA § 632, not § 631, "covers improper recordings"). Plaintiff alleges that Hilton and Marriott "contemporaneously in real time and invisibly re-direct[]" users' data to Sojern. (FAC ¶ 25). Indeed, her allegations are clear that Hilton and Marriott engaged Sojern and proactively elected to send information to Sojern such that the communications were neither intercepted nor intercepted in transit. *(See id.*). Even if she had alleged interception by Sojern, these allegations are insufficient because they do not show that Sojern "attempted to read or learn the contents of the communication while in transit." *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) (dismissing § 631 claim, reasoning allegation that "data is stored or can be accessed by" software vendor was "insufficient to support a plausible [inference that the vendor] attempted to read or learn the contents of the communication while in transit"). In fact, Plaintiff alleges the opposite: that Sojern "collects as much information relating to a hotel guest as possible[,] … stores that information in a centralized location … where it matches data points and creates detailed profiles on individuals, and *then* uses those profiles to send direct, targeted advertisements from hotels[.]" (FAC ¶ 40). The section 631 claim must be dismissed.

**d. Plaintiff's CIPA Claims Fall Outside the Statute of Limitations.**

"Under the CIPA, the applicable statute of limitations is one year." *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). Plaintiff's claims regarding her use of the Marriott website are outside the limitations period: she alleges that she accessed Marriott's website on August 2, 2023, almost two years prior to the filing of the FAC on June 5, 2025. She necessarily was apprised of Marriott's privacy practices prior to her 2023 booking and as part of activating her online account. Thus, her CIPA claims related to her use of Marriott's website are necessarily time-barred and should be dismissed on this ground.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's claims regarding the Hilton website fare no better. Plaintiff alleges that she has booked multiple hotel rooms with Hilton over time, including on April 4, 2024, and that she is a Hilton Honors member. (FAC ¶ 4). When she became a Hilton Honors member and booked rooms, she necessarily was put on notice of Hilton's privacy practices. Plaintiff's failure to plead when she became a Hilton Honors member is a plain attempt at artfully pleading around CIPA's limitations period, as her membership extends back to 1995. Any attempt to plead around the FAC should be dismissed on these grounds as well.

**B. Plaintiff's UCL Claim Fails.**

A UCL plaintiff "must allege facts showing that she has '… lost money or property as a result of the unfair competition.'" *Graham v. Wells Fargo Bank, N.A.*, 2017 WL 86013, at *3 (N.D. Cal. Jan. 10, 2017). Plaintiff says she "lost money" because Sojern did not pay her for her data (FAC¶ 113), but this hypothetical loss falls short. Plaintiff "must"—but does not—"allege the existence of a market for [her] data and the impairment of the ability to participate in that market." *Ji v. Naver Corp.*, 2022 WL 4624898, at *9 (N.D. Cal. Sept. 30, 2022); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023) (plaintiffs "failed to allege how they ha[d] … lost profit from the sale of their data without compensation."). "Even assuming the existence of a market for the information taken in this case, the [complaint] is devoid of any allegations describing how the breach devalued plaintiffs' specific information … such that they are prevented from deriving economic benefit from this information in the future." *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1054 (N.D. Cal. 2022). Just because Hilton, Marriott, or Sojern values the data does not mean it had value to Plaintiff, and even if it did, Plaintiff does not allege she could have profited from the data herself. *See Tamraz v. Bakotic Pathology Assocs., LLC*, 2022 WL 16985001, at *5 (S.D. Cal. Nov. 16, 2022) (dismissing privacy-based UCL claim where plaintiff failed to allege he could "profit from his own data"); *B.K.*, 2024 WL 878100, at *6 (same); *Doe I v. Google LLC,* 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024), second cite is at page 849, at *7 (same). This Court has rejected UCL claims where, as here, the plaintiffs "simply list[ed] categories of … damages they claim[ed] to have suffered." *Bayview*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Hunters Point Residents v. Tetra Tech EC, Inc*., 2021 WL 1222164, at *4 (N.D. Cal. Mar. 31, 2021). It should do so again.

The UCL claim also fails for other reasons. Plaintiff must allege Sojern engaged in unlawful, unfair, or fraudulent practices to state a UCL claim. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 838 (N.D. Cal. 2020). Plaintiff fails to state an "unlawful" UCL claim, which she bases on CIPA and Cal. Civil Code § 53.5. (FAC ¶ 105). The UCL claim cannot be based on CIPA for the reasons set forth in section IV(A), *supra*. Plaintiff also argues that her communications with Hilton and Marriott are "confidential 'guest records' as defined by Cal. Civil Code § 53.5." (FAC ¶¶ 3–4, 9–12). This argument fails because the allegations against Sojern fall outside of or are excepted by the statute. Section 53.5(a) prohibits "an innkeeper, hotelkeeper, motelkeeper, lodginghouse keeper, owner or operator of an inn, hotel, motel, lodginghouse" from disclosing guest records to a third party without a court order. By its plain text, the statute might apply to Hilton or Marriott as "an innkeeper," but it cannot apply to Sojern. Sojern is therefore not covered under section 53.5(a). Indeed, Hilton and Marriott are expressly permitted to use third-party service providers under section 53.5(f), and Plaintiff does not allege that Sojern "use[d] or share[d] data beyond the terms of [its] contract" with Hilton or Marriott in violation of section 53.5(f).

Further, the statute carves out an exception for the type of use alleged by Plaintiff: it provides that "[t]his section shall not be construed to prevent a private business from providing business records containing a guest's or passenger's name, address, credit card number, or driver's license number … to a third-party service provider that the private business contracts with for business-related services." Cal. Civ. Code § 53.5(i). As Plaintiff acknowledges, hotels like Hilton and Marriott contract with Sojern to help them "identify and advertise to in-market travelers for the purposes of online behavioral advertising and to optimize advertising campaigns across multiple channels and devices." (FAC ¶ 33). This allegation falls squarely within the exception: a private business—Hilton or Marriott—may provide business records containing guest information to a third-party service provider—Sojern—to help its advertising. Because the statute explicitly provides for this situation, Plaintiff's argument that these communications are



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

confidential because she had "an objectively reasonable expectation of privacy, based on Cal. Civil Code § 53.5" (*id.*), necessarily fails and cannot support her UCL claim.

She fails to state an "unfair" UCL claim because she "base[s] [her] claims under [both] UCL prongs" on the same "conduct," i.e., Sojern's use of the Sojern Tracking Pixel. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1094 (N.D. Cal. 2022). In any event, Plaintiff cannot satisfy the balancing test under which the Court "weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim" because she alleges no harm. *In re Google*, 457 F. Supp. 3d at 843–44. Plaintiff does not attempt to allege a fraudulent practice.

**C. Plaintiff's Unjust Enrichment Claim Fails.**

Although Plaintiff purports to assert a claim for unjust enrichment, "there is not a standalone cause of action for 'unjust enrichment'" in California. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Even if there were, the claim falls with Plaintiff's other claims. Absent any unlawful conduct by Sojern, Plaintiff has not stated a claim that Sojern has unjustly retained any benefit conferred by Plaintiff. *See Doe I*, 2024 WL 3490744, at *10 (dismissing unjust enrichment claim along with privacy claims). And, as explained above, Plaintiff does not allege the putative value in her data or that she paid anything to Sojern.

**D. Plaintiff's ECPA Claim Fails for the Same Reasons as Her CIPA Claims.**

Plaintiff's claim under the federal wiretap law fails because if *any* party to a communication consents to recording, the Wiretap Act does not apply. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014). Hilton and Marriott—parties to the alleged communication—consented to Sojern's involvement by installing Sojern's technology on Hilton's website. (FAC¶¶ 4, 22, 42–43). That consent bars any Wiretap Act claim as a matter of law. *See Rodriguez v. Google LLC*, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021) (dismissing Wiretap Act claim based on third party's interception based on one party's consent).

**E. Plaintiff's Invasion of Privacy Claim Fails.**

Plaintiff alleges that Sojern has intruded on her "legally protected privacy interests" by violating CIPA, the ECPA, the Guest Records Statute, and "other California common-laws."



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

(FAC ¶ 154). She alleges that she has a reasonable expectation of privacy in her browsing history and guest records. Her claim fails.

"The California Constitution sets a high bar for establishing an invasion of privacy claim." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 944 (N.D. Cal. 2024) (quotations omitted). To state a claim for invasion of privacy under the California Constitution, Plaintiff must allege: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, and (3) an egregious breach of norms. *Hill v. Nat'l Collegiate Athletic Assn.* 7 Cal.4th 1, 35–37 (1994). Courts often consider invasion of privacy and intrusion upon seclusion as one and ask: "(1) whether there was a reasonable expectation of privacy, and (2) whether the intrusion was highly offensive." *Hammerling v. Google LLC,* 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022).

*First*, Plaintiff has failed to allege a legally protected privacy interest in her information. "There is no reasonable expectation of privacy when the data collection is within users' common-sense expectation or when the information is not sensitive." *Id.* at 1089. Plaintiff's consent, as discussed in Section IV(A)(1), *supra*, forecloses any alleged privacy interest in the information collected. She alleges that Sojern collected users' "communications with the hotel website and a cookie ID, mobile advertising ID (MAID), TV identifiers, email address …, IP address, device type, browser type, date and time stamp of clicks and web visits, and detailed referred URLs." (FAC ¶ 36). Plaintiff consented to the collection of this information in both Hilton and Marriott's Global Privacy Statements, so it was within her common-sense expectation that the data would be collected. And though she tries to paint information collected as sensitive "guest records," the Guest Records Statute, Cal. Civil Code § 53.5, exempts "a private business from providing business records containing a guest's or passenger's name, address, credit card number, or driver's license number … to a third-party service provider that the private business contracts with for business-related services." Cal. Civ. Code § 53.5(i). This is exactly what Plaintiff has alleged.

*Second*, her claim fails because she cannot allege that Sojern's alleged intrusion was highly offensive to a reasonable person. In determining whether Sojern's actions were highly offensive, the Court considers "factors such as the likelihood of serious harm to the victim, the



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

degree and setting of the intrusion, the intruder's motives and objectives, and whether countervailing interests or social norms render the intrusion inoffensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Courts have found "that data collection and disclosure to third parties that is routine commercial behavior is not a highly offensive intrusion of privacy." *Hammerling*, 615 F. Supp. at 1090 (collecting cases). Indeed, this type of collection is expressly permitted under the CCPA, as discussed in Section IV(A)(2)(b), and therefore cannot possibly be "highly offensive to a reasonable person." This claim must be dismissed.

**F. Equitable Remedies Are Unavailable to Plaintiff.**

Plaintiff's UCL and unjust enrichment claims also fail because Plaintiff has an adequate remedy at law through CIPA, which provides both statutory damages and injunctive relief. To pursue equitable relief, a plaintiff must allege she lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). This means she must plead "why monetary damages would be inadequate to make [her] whole." *Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024). Nowhere does Plaintiff allege that she does not have an adequate remedy at law, and, thus, her equitable claims must be dismissed.

## VII. CONCLUSION

For the foregoing reasons, Sojern requests the Court dismiss Plaintiff's claims because she lacks standing and fails to state a claim.

DATED: June 26, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: [signature]
Spencer Persson
Attorneys for Defendant Sojern, Inc.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899