SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUELLEN CRANO, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SOJERN, INC.,<br><br>Defendant. | Case No. 3:25-cv-2600<br><br>**DEFENDANT SOJERN'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**<br><br>Action Filed: March 17, 2025<br>FAC Filed: June 5, 2025 |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. THE COURT SHOULD TRANSFER THIS CASE TO VIRGINIA. .......... 2

A. There is a Valid Contract Between Plaintiff and Hilton with a Valid and Enforceable Forum-Selection Clause. .......... 2

B. The Forum-Selection Clause Encompasses the Dispute at Issue. .......... 4

1. This Dispute is Related to Plaintiff's Agreements with Hilton. .......... 4

2. Sojern May Enforce the Forum-Selection Clause Because It Is Closely Related to the Agreements Between Plaintiff and Hilton. .......... 7

C. Plaintiff Cannot Show the Public Interest Factors Counsel Against Transfer. .......... 10

D. Virginia Is An Appropriate Venue For This Case. .......... 10

III. CONCLUSION .......... 10




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baton v. Ledger SAS*,
2025 WL 416360 (N.D. Cal. Feb. 6, 2025) .......... 8, 9

*Baton v. Ledger SAS*,
740 F. Supp. 3d 847 (N.D. Cal. 2024) .......... 7, 8, 9

*Comm Network Servs. Corp. v. Colt Telecommunications*,
2004 WL 1960174 (N.D. Cal. Sept. 3, 2004) .......... 3

*Crano v. Hilton Worldwide Holdings, Inc.*,
Case No. 1:25-cv-00305-RDA (E.D. Va) .......... 1, 3, 4, 6

*Doe 1 v. AOL LLC*,
552 F.3d 1077 (9th Cir. 2009) .......... 4

*Future Foam, Inc. v. FXI, Inc.*,
2016 WL 11752908 (C.D. Cal. Apr. 5, 2016) .......... 3

*GemCap Lending I, LLC v. Pertl*,
2019 WL 6468580 (C.D. Cal. Aug. 9, 2019) .......... 7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) .......... 8

*Jezign Licensing, LLC v. Bebe Stores, Inc.*,
2021 WL 3034028 (S.D. Cal. July 19, 2021) .......... 4

*Keebaugh v. Warner Bros. Ent. Inc.*,
100 F.4th 1005 (9th Cir. 2024) .......... 3

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
858 F.2d 509 (9th Cir. 1988) .......... 7, 8

*Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49 (2013) .......... 10

*O'Shea v. Littleton*,
414 U.S. 488 (1974) .......... 6

*Primary Color Sys. Corp. v. Agfa Corp.*,
2017 WL 8220729 (C.D. Cal. July 13, 2017) .......... 6

*Warth v. Seldin*,
422 U.S. 490 (1975) .......... 6



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931 (S.D. Cal. 2019) ........ 10

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018) ........ 4, 5

**Statutes**

28 U.S.C. § 1404(a) ........ 1, 10



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Suellen Crano's First Amended Complaint against Defendant Sojern, Inc. ("Sojern") belongs in Virginia where her nearly identical lawsuit filed against Hilton Worldwide Holding Inc. ("Hilton") is pending. *See Crano v. Hilton Worldwide Holdings, Inc.*, Case No. 1:25-cv-00305-RDA (E.D. Va) (the "Hilton Lawsuit"). In a lawsuit that copies large portions of the Hilton Lawsuit but simply directs the allegations at Hilton's third-party service provider, Sojern, Plaintiff again alleges that lawful advertising activity somehow constitutes a violation of criminal wiretapping laws. Plaintiff eventually stipulated to the transfer of the Hilton Lawsuit when faced with a similar motion to transfer filed in the Central District of California, but for some reason believes that this suit should proceed in California notwithstanding the same two forum-selection clauses contained in Hilton's terms. (RJN Exs. C, D, E, F, G, H, ECF No. 29). Plaintiff necessarily agreed to these policies when she booked her Hilton hotel rooms, including on or around April 4, 2024 (First Amended Complaint ("FAC"), ECF No. 19, ¶¶ 4), and the broad forum-selection clause encompasses her dispute with Sojern.

Plaintiff makes four arguments against the enforcement of the forum-selection clause: (1) Sojern has failed to show there was a valid forum-selection agreement between Plaintiff and Hilton (Plaintiff's Response to June 9, 2025, Order to Show Cause ("Response"), ECF No. 26, at 9); (2) Sojern lacks the right to invoke the forum-selection clause between Plaintiff and Hilton (Response at 12); (3) the forum-selection clause does not encompass this dispute (Response at 20); and (4) transfer is inappropriate because this case could not have been originally filed in the Eastern District of Virginia (Response at 23).

Each argument is without merit, and the Court should enforce the forum-selection clause and transfer this case to the Eastern District of Virginia under 28 U.S.C. § 1404(a).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II. THE COURT SHOULD TRANSFER THIS CASE TO VIRGINIA

### A. There is a Valid Contract Between Plaintiff and Hilton with a Valid and Enforceable Forum-Selection Clause.

Plaintiff argues that Hilton's Site Usage Agreement and Hilton Honors Terms are invalid due to lack of notice and a unilateral modification provision, and, therefore, the forum-selection clause is similarly invalid.[1] (Response at 9). This argument is unavailing.

As an initial matter, Plaintiff argues Sojern has failed to show that "the presentation of the agreements on Hilton's [W]ebsite was sufficient to provide notice to consumers and bind them to their terms." (Response at 10). Not so. Plaintiff alleges that on April 4, 2024, she booked a Hilton hotel room on hilton.com ("Hilton's Website") (FAC ¶ 4). Above the button for "Book Reservation," the Hilton Website provides that:

> By clicking "Book Reservation," I agree to the Rules and Restrictions, Site Usage Agreement, and acknowledge that Hilton will collect, use, share and transfer my information as set out in Hilton's Global Privacy Statement.

(RJN Ex. B at 1). Each agreement is hyperlinked, underlined, and in blue text as part of the click-thru process and also provided below the "Book Reservation" button. (*Id.* at 2). Hilton has also confirmed that a "user cannot make a hotel room booking on the Website without first agreeing to the Site Usage Agreement." (RJN Ex. J, ¶¶ 5-6; Exs. A, B). Plaintiff does not dispute that the Site Usage Agreement contains the forum-selection clause at issue. (RJN Exs. E, F). And Plaintiff's express agreement when booking her hotel rooms is only buttressed by her agreement to the Hilton Honors Terms that she necessarily agreed to as an Honors member, and which also contains a Virginia forum-selection clause.[2] (RJN Exs. G, H, L, ¶¶ 3-8). In short, her

---

[1] Relatedly, she argues that Sojern "does not and cannot argue that transfer is appropriate under" the "eight-factor analysis" to determine the proper forum where there is no agreement containing a forum-selection clause. (Response at 7). Sojern need not engage in the eight-factor analysis as there is indeed a valid forum-selection clause, which Plaintiff cannot ignore.

[2] Plaintiff argues that she is not bound by the forum-selection clause in the Hilton Honors Terms because she became a Hilton Honors Member in 1995 and the forum-selection clause was not present then. (Response at 10). However, right above the "Book Reservation" button on the Hilton reservation page, it says, "I also agree to the Hilton Honors Program Terms and Conditions." (RJN Ex. A at 2). Every time she booked a Hilton hotel room she affirmed her agreement to the Hilton Honors Terms, including when she booked in 2024.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

agreement to the Site Usage Agreement upon booking is more than sufficient to provide reasonably conspicuous notice of the forum-selection clause. *See, e.g.*, *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1020 (9th Cir. 2024) (finding notice conspicuous where a contrasting font color displayed directly below the button and with a statement that clearly denotes that continued use will constitute the acceptance of the terms).

Plaintiff next argues that neither the Site Usage Agreement nor Hilton Honors Terms are valid because both include "the unilateral right to modify or change terms at any time." (Response at 11). "It is important to distinguish between the contractual validity of the agreement and the contractual validity of the *forum selection clause*." *Future Foam, Inc. v. FXI, Inc.*, 2016 WL 11752908, at *5 (C.D. Cal. Apr. 5, 2016). "The question before the Court is the validity of the [f]orum-[s]election [c]lause, not the validity of the contract as a whole." *See Comm Network Servs. Corp. v. Colt Telecommunications*, 2004 WL 1960174, at *4 (N.D. Cal. Sept. 3, 2004). Courts have found that a determination of the validity of the agreement as a whole is unnecessary in assessing whether a forum-selection clause is valid. *See id.*; *see also Future Foam, Inc.*, 2016 WL 11752908 at *5 (rejecting plaintiff's arguments about the validity of the contract as a whole and finding "[t]he only question before the Court is the validity of the forum-selection clause, which—for the purposes of this inquiry—exists independent and separate from the [the contract]."). Here, Plaintiff's argument that the agreement as a whole is unenforceable due to the modification provision and therefore the forum-selection clause is also unenforceable fails, because any argument relating to invalidity based on the modification provision is necessarily separate from whether the forum-selection clause is valid. Notably, Plaintiff did not argue that the Site Usage Agreement or Hilton Honors Terms were invalid due to the modification provision in her case against Hilton, or argue that she did not consent to those agreements. (Supp. RJN Ex. 1 [*Crano v. Hilton Worldwide Holdings, Inc.*, Case No. 1:25-cv-00305-RDA (E.D. Va), ECF No. 62 at 3-6 (arguing that the agreements did not establish consent to advertising cookies, but not that agreements were invalid due to modification provision or that she did not agree during the booking process)]). The Court should reject these arguments.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Indeed, Plaintiff's arguments distract from the central issue: Plaintiff has not carried her burden in showing why the forum-selection clause is unenforceable.[3] "A forum selection clause is presumptively valid[, and] the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the Court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). "In order to show a forum selection clause is not valid or enforceable, a plaintiff must make a strong showing that: (1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or judicial decision, or (3) trial in the contractual forum would be so gravely difficult and inconvenient that [the litigant] will for all practical reasons be deprived of his day in court." *Jezign Licensing, LLC v. Bebe Stores, Inc.*, 2021 WL 3034028, at *4 (S.D. Cal. July 19, 2021) (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018)). Plaintiff has not attempted to fulfill any of these elements, nor could she. The clause is valid, there is no public policy favoring California over Virginia, and Virginia cannot be inconvenient for Plaintiff where she stipulated to litigate the nearly identical Hilton Lawsuit in that venue. Plaintiff's invalidity arguments should be rejected.

### B. The Forum-Selection Clause Encompasses the Dispute at Issue.

Plaintiff next argues that Sojern cannot enforce the forum-selection clause and that the clause does not encompass this dispute. As explained in the Motion to Transfer Venue, the forum-selection clause encompasses Plaintiff's dispute with Sojern for two reasons: (1) the dispute is logically and causally related to Plaintiff's agreements with Hilton, which contain the forum-selection clause; and (2) Sojern is "closely related" to Plaintiff's agreement with Hilton, allowing Sojern to avail itself to the forum-selection clause as a third-party beneficiary.

#### 1. This Dispute is Related to Plaintiff's Agreements with Hilton.

Plaintiff claims that Hilton's disclosure of her information to Sojern, a third-party marketing service provider, constitutes unlawful wiretapping. Hilton's relationship with third

[3] Plaintiff argues that Sojern only addresses the Site Usage Agreement, not the Hilton Honors Terms, in its transfer argument. This is false. (*See* Motion to Transfer Venue ("Mot.") at 9).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

parties is clearly disclosed in the Site Usage Agreement, Hilton Honors Terms, and Hilton Global Privacy Statement. However, Plaintiff, without citing to any authority, argues her claims against Sojern are not related to either the Site Usage Agreement—***even though Plaintiff's claims clearly hinge on her usage of Hilton's website***—or the Hilton Honors Agreement, and therefore the forum-selection clause cannot encompass this dispute. (Response at 20–21). Her argument fails.

Plaintiff agreed that "any action at law or in equity *arising out of or relating to* the terms of" both the Site Usage Agreement and the Hilton Honors Terms "shall be filed" in the Eastern District of Virginia. (RJN Ex. F at 8; RJN Ex. H at 1). Where a forum-selection clause only covers disputes "arising out of" an agreement, the clause "appl[ies] only to disputes relating to the interpretation and performance of the contract itself." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (quotations omitted). However, where, as here, the clause covers disputes "relating to" an agreement, the forum-selection clause "appl[ies] to any disputes that reference the agreement or have some logical or causal connection to the agreement." *Id.* (quotations omitted). "The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id.*

Plaintiff's claims against Sojern both plainly arise out of and relate to the Site Usage Agreement and the Hilton Honors Terms. The Site Usage Agreement "governs [a user's] use of … hilton.com" (RJN Ex. E at 1), and the alleged wiretapping claims arise out of Plaintiff's usage of the Hilton Website and Hilton's use of third-party vendors in the operation of that site. Moreover, the Hilton Honors Terms provide that Hilton may "use and share [a Hilton Honors member's] personal information" as described in the Hilton Global Privacy Policy, and therefore also relate to Plaintiff's wiretapping claims. (RJN Ex. G at 14). Indeed, the Hilton Global Privacy Statement provides that third parties, like Sojern, "may collect such information using server logs, cookies, web beacons, tags, pixels, mobile advertising IDs (such as Facebook cookies or Google's Advertising ID), cross-device linking, and similar technologies." (RJN Ex. C at 46; Ex D at 23). Sojern's conduct is clearly provided for in both the Hilton Honors Terms



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and the Hilton Global Privacy Statement; Plaintiff's claims relate to her use of Hilton's Website, and her claim is that Hilton's use of Sojern—which she agreed to—is unlawful.

Plaintiff also argues that Sojern cannot enforce the forum-selection clause because this dispute is no longer "*exclusively* related to the operation of Sojern's tracking technology on Hilton's website," and that other hotel groups with different forum-selection clauses might also apply. (Response at 4, 19). Plaintiff, however, has provided no authority supporting this assertion and Plaintiff has not sued any hotel group except Hilton—a suit pending in Virginia. (*See id.*). While Plaintiff argues that her FAC is about "Sojern's interception of Plaintiff's communications with other hotels beyond Hilton," including Marriott, Best Western, and Fairmont, it is black letter law that in a class action the named plaintiff "must allege and show that *[she] personally ha[s] been injured,* not that injury has been suffered by other, unidentified members of the class." *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (emphasis added); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Here, in an attempt to avoid transfer, Plaintiff has added allegations relating to her booking a hotel room on Marriott's website on August 2, 2023, but the other hotel groups are irrelevant. (FAC ¶ 4).

The Marriott allegations are also irrelevant to the issue of transfer for two reasons. First, a court may enforce one forum-selection clause over a competing clause where it is in the interest of justice and judicial efficiency. *Primary Color Sys. Corp. v. Agfa Corp.*, 2017 WL 8220729, at *6 (C.D. Cal. July 13, 2017). Here, transferring this case to Virginia both is in the interests of justice and promotes judicial efficiency, as Plaintiff is already litigating in that jurisdiction in the Hilton Lawsuit and relating those cases could simplify discovery, among other things. Second, Marriott has no interest in enforcing its forum-selection clause because it has not been sued. Even if it had been sued, any claims relating to Marriott must be dismissed because Plaintiff booked the Marriott room on August 2, 2023, but did not file this matter until March 17, 2025, and did not add allegations relating to Marriott until June 5, 2025—both far beyond CIPA's one-year statute of limitations. (*See* Sojern's Motion to Dismiss the First Amended Complaint, ECF No. 28). Transfer to the Eastern District of Virginia is warranted.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**2. Sojern May Enforce the Forum-Selection Clause Because It Is Closely Related to the Agreements Between Plaintiff and Hilton.**

As set forth in the original Motion to Transfer Venue, Sojern may avail itself to the forum-selection clause because it is closely related to the agreements. (Mot. at 8–9). Plaintiff argues that Sojern cannot enforce the forum-selection clause because Sojern was not party to the agreements and "Sojern is not a corporate affiliate of Hilton, and it did not play a known and active role in the consumers' reservation of Hilton hotel rooms." (Response at 15). This argument fails.

As Plaintiff concedes, "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). A non-signatory, like Sojern, may avail itself to a forum-selection clause "if [it] is 'closely related' to the agreement such that the non-signatory's enforcement of the forum selection clause is foreseeable." *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 898 (N.D. Cal. 2024) (quotations omitted). Courts apply a "totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *GemCap Lending I, LLC v. Pertl*, 2019 WL 6468580, at *11 (C.D. Cal. Aug. 9, 2019).

As discussed in the Motion to Transfer Venue, Sojern is "closely related" to the contractual relationship between Plaintiff and Hilton because her claims arise out of Hilton's relationship with Sojern and Hilton's alleged disclosure of Plaintiff's information to Sojern relating to Plaintiff's activity on Hilton's website. Plaintiff claims that Hilton contracted with Sojern "to identify and advertise to in-market travelers for purposes of online behavioral advertising and to optimize advertising campaigns across multiple channels and devices." (Compl. ¶ 33; FAC ¶ 32). She alleges that, pursuant to Hilton's agreement with Sojern, Hilton installed Sojern's technology on its website, which "tracks travelers across devices and browsers," and collected personal information from users who booked hotel rooms through Hilton's Website.[4] (Compl. ¶¶ 34–36, 49; FAC ¶¶ 33–35, 49). Importantly, Plaintiff alleges that

[4] To be clear, Plaintiff's allegations mischaracterize the information provided to Sojern and Sojern's business model. Sojern does not use guest records (i.e., booking information) to collect



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Hilton installed Sojern's technology, and thus had control over whether the technology was used. (Compl. ¶ 35; FAC ¶ 35). Thus, according to Plaintiff's own allegations, Sojern is "closely related" to Plaintiff's online interactions with Hilton.

Plaintiff also argues that Sojern cannot avail itself to the forum-selection clause because it is not a corporate affiliate of Hilton and it did not play a "known and active role in the transactions at issue." (Response at 15). Plaintiff mistakenly suggests that the Ninth Circuit has created a bright-line rule that non-signatories may only avail themselves to a forum-selection clause in the "narrow" situation where the non-signatory is "a corporate affiliate of a signatory that played an open and active role in the transaction at issue." (Response at 12, 14). This is not so, and the cases relied on by Plaintiff for this proposition do not support it. In *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988), the Ninth Circuit simply recognized that a forum-selection clause may apply to non-signatories where "the alleged conduct of the non-parties is so closely related to the contractual relationship." Similarly, in *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007), the Ninth Circuit simply found that "where the alleged conduct of non-parties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Id.* (quotations omitted). Nowhere in either decision did the Ninth Circuit create a bright-line rule that, for there to be a close relation between a non-party and a contract, a non-party must be a corporate affiliate of a party or have played a "known active role in the transactions at issue." (Response at 15).

The decisions in *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 893 (N.D. Cal. 2024) (*Baton I*), and *Baton v. Ledger SAS*, 2025 WL 416360, at *1 (N.D. Cal. Feb. 6, 2025) ("*Baton II*"), are instructive. There, plaintiffs brought suit against defendant Ledger after personal information

---

information about Plaintiff and build profiles for future use. Rather, Hilton provides Sojern with only that information to allow Sojern to help serve advertisements to persons who have already demonstrated interest through a visit to Hilton's website in particular Hilton properties. Booking information is only provided so that Sojern can record "conversions" that show whether the advertising is effective. Even that information is not tied to a particular consumer, as it is pseudo-anonymized insofar as Sojern merely matches a cookie to the fact that a booking occurred. Sojern is compensated via commissions for confirmed bookings and/or for hitting certain marketing goals relating to Hilton bookings.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

relating to their status as Ledger customers was exposed in a data incident. *Baton II*, 2025 WL 416360 at *1. Plaintiffs also brought claims against Shopify, a subcontractor of Ledger that helps with purchases, and TaskUs, a subcontractor of Shopify that helps Shopify with Ledger's customer service. *Id.* The agreement between Ledger and its customers contained a forum-selection clause. *Baton I* at 893. The court found that both Shopify and TaskUs, neither of which were corporate affiliates of Ledger, could avail themselves of the forum-selection clause as agents or third-party vendors to Ledger's contracts because it was foreseeable that Ledger's vendors would enforce Ledger's forum-selection clause. Simply put, both Shopify and TaskUs could enforce the forum-selection clause because "[p]laintiffs believed they were entrusting Ledger with their [personal identifying information], and therefore any of Ledger's vendors who had access to their [personal identifying information], it [was] 'foreseeable' that said vendors would be able to enforce their forum selection clause in [p]laintiffs' agreements with Ledger." *Baton I*, 740 F. Supp. 3d at 900; *Baton II*, 2025 WL 416360 at *5–6.

Thus, contrary to Plaintiff's contentions, neither Shopify nor TaskUs were corporate affiliates of Ledger, nor were they "known" to the customers. *See id.* at *1. Similarly, here, Sojern need not be a corporate affiliate of Hilton for Sojern to enforce Hilton's forum-selection clause because Plaintiff's claims against Sojern relate to her customer relationship with Hilton and her bookings on Hilton's website.

Nor does it matter that Sojern "did not create or maintain [Hilton's] website [or] had no role in processing the transactions thereon." (Response at 18–19). In *Baton II*, the court found that TaskUs, a subcontractor of a subcontractor, could enforce Ledger's forum-selection clause even though TaskUs did not maintain Ledger's website or process transactions. *See Baton II*, 2025 WL 416360 at *6 ("Shopify employed TaskUs to provide 'customer support and data consulting services for Ledger'"). In short, just as in *Baton I* and *II*, here, Sojern acts as a vendor of Hilton who Plaintiff contends received certain information relating to Plaintiff for purposes of follow-up advertising, and it was therefore foreseeable that Sojern could avail itself of the forum-selection clause as an agent or third-party vendor to Hilton.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**C. Plaintiff Cannot Show the Public Interest Factors Counsel Against Transfer.**

Because there is a valid forum-selection clause, the burden shifts to Plaintiff to show why "public interest factors ***overwhelmingly*** disfavor enforcement of the clause." *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 948 (S.D. Cal. 2019) (emphasis added). Public interest factors alone "will rarely defeat a transfer motion," and "the practical result is that forum-selection clauses should control except in unusual cases." *Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63–64 (2013). Plaintiff did not even try to establish that public interest factors outweighed enforcement of the forum-selection clause, nor could she. Indeed, where Plaintiff is already pursuing a case against Hilton on nearly identical grounds in Virginia and judicial economy would be assisted by a transfer of this case to the same court, public interest factors support a transfer to the Eastern District of Virginia.

**D. Virginia Is An Appropriate Venue For This Case.**

Without citing any authority, Plaintiff finally argues that this case cannot be transferred to the forum provided for in the forum-selection clause because Plaintiff could not have originally filed this case against Sojern in the Eastern District of Virginia. (Response at 23). However, section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, Plaintiff consented to the Eastern District of Virginia when she agreed to Hilton's terms and Sojern is consenting to this matter being transferred to Virginia by virtue of this motion. As such, even if Plaintiff could not file a matter against Sojern in Virginia that is unrelated to Sojern's work as a service provider for Hilton, this matter may be appropriately transferred to that venue.

**III. CONCLUSION**

For the reasons above and those in Sojern's Motion to Transfer Venue, Sojern respectfully requests the Court enforce the forum-selection clause and transfer this case to the Eastern District of Virginia.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: July 3, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: /s/ Spencer Persson
Spencer Persson
Attorneys for Defendant Sojern, Inc.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899