Eric S. Dwoskin (admitted *pro hac vice*)
edwoskin@dwowas.com
**DWOSKIN WASDIN LLP**
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Phone: (561) 849-8060

Robert G. Loewy (SBN 179868)
rloewy@rloewy.com
**LAW OFFICES OF ROBERT G. LOEWY, P.C.**
20 Enterprise, Suite 310
Aliso Viejo, CA 92656
Tel: (949) 468-7150

*Attorneys for Plaintiff and the putative class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SUELLEN CRANO, individually and on behalf of others similarly situated,

*Plaintiff*,

vs.

SOJERN, INC.,

*Defendant*.

Case No. 3:25-CV-2600-JSC

**PLAINTIFF'S OPPOSITION TO DEFENDANT SOJERN, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Date: | August 21, 2025 |
| Time: | 10 a.m. |
| Courtroom: | 8 |
| Judge: | Hon. Jacqueline Scott Corley |

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiff asks the Court to rule on the following issue:

1. Sojern's motion to dismiss relies on 14 extraneous documents that Sojern pulled from various sources on the internet. Plaintiff's complaint does not reference any of these documents and none of them forms the basis of Plaintiff's claims. Should the Court consider these extraneous documents when assessing the sufficiency of the complaint under Federal Rule of Civil Procedure 12(b)(6)?

Plaintiff Suellen Crano, individually and on behalf of all others similarly situated, hereby submits her opposition to Defendant Sojern, Inc.'s ("Sojern") Request for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint ("RJN") [ECF 29].

## INTRODUCTION

Sojern developed tracking technology to track consumers' hotel room reservations across the internet. Plaintiff alleges that she "did not consent" to this conduct. ECF 19 ¶ 4. Sojern's motion to dismiss contests that allegation at the pleading stage. ECF 28 at 8-11. Sojern's argument is based on 14 extraneous documents that are attached to its RJN, including various terms and conditions and privacy policies that, Sojern says, were operative at one time or another on the hotel websites that contained Sojern's tracking technology. *Id.* Sojern's RJN requests that the Court consider these documents when deciding its Rule 12 motion. ECF 29. That request should be denied.

## LEGAL STANDARD

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule: (1) the incorporation-by-reference doctrine, and (2) judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Neither exception can be used by a defendant to "present their own version of the facts at the pleading stage." *Id.* at 999.

### A. Legal Standard for Incorporation by Reference.

A document can be incorporated by reference in two ways: (1) if it is "extensively" referenced in the complaint; or (2) if it "forms the basis of the plaintiff's claim." *Id.* at 1002 (internal citations and quotations omitted).

- *Extensive Reference*: "The mere mention of the existence of a document is insufficient to incorporate [its] contents." *Khoja*, 899 F.3d at 1002-04. "For 'extensively' to mean anything … it should, ordinarily at least, mean *more than once*." *Id.* (emphasis added). It follows that documents not referenced in the complaint *at all* are not incorporated by extensive reference. *See id.*
- *Basis of the Claims*: In order for a document to "form the basis of the plaintiff's claims," the claims must "necessarily" depend on the document. *Id.* at 1002. A document does *not* form the basis of a plaintiff's claims merely because it "creates a defense to the well-pled allegations." *Id.*

Importantly, even where a document *is* incorporated by reference, "it is improper to accept the truth of matters asserted in incorporated documents only to resolve factual disputes against the plaintiff's well-pled allegations." *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022).

**B. Legal Standard for Judicial Notice.**

Judicial notice under Rule 201 permits a court to notice an "adjudicative fact," not entire documents. Fed. R. Evid. 201(b); *see also Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) (noting that Rule 201(b) "permit[s] judicial notice of adjudicative *facts*, not documents") (emphasis in original); *cf. Thieme v. Cobb*, 2017 WL 588264, at *2 (N.D. Cal. Feb. 14, 2017) ("The Court declines to take judicial notice of Exhibits T, U, V, and W, as Plaintiff has not established these documents contain adjudicative facts of which this Court may take judicial notice pursuant to the Federal Rules of Evidence. *See* Fed. R. Evid. 201."). An "adjudicative fact" is a fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally

known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," like the *fact* that July 10, 2025, was a Thursday, or the *fact* that a particular document was filed in a particular case on a particular date. Fed. R. Evid. 201(b)(1)–(2). A court "cannot take judicial notice of disputed facts" at the pleading stage. *Khoja*, 899 F.3d 999-1000.

## ARGUMENT

### I. Sojern's Documents Were Not Incorporated into the Complaint by Extensive Reference.

The FAC does not reference any of the exhibits to Sojern's RJN *at all*, let alone "extensively" reference them, as it must to trigger incorporation. Nor do any of the documents "form the basis" of Plaintiff's claims, all of which are for violations of state or federal privacy laws (and not for breach of the purported agreements attached to Sojern's RJN) and none of which "necessarily" depend on Sojern's documents. As is obvious from Sojern's motion to dismiss, Sojern is seeking to use the documents as a defense to Plaintiff's claims, arguing that they contradict Plaintiff's allegation that she did not consent to Sojern's conduct. But, as the Ninth Circuit has held, documents do not "form the basis" of a plaintiff's claims merely because they "create a defense to the well-pled allegations." *Khoja*, 899 F.3d at 1002. "Otherwise, [Sojern] could use the [incorporation-by-reference] doctrine to insert [its] own version of events" at the pleading stage. *Id.*

Plaintiff alleges that she did not consent to the disclosures at issue. ECF 19 at ¶ 4. That allegation must be accepted as true at the pleading stage. If Sojern wants to contest that allegation with reference to an external document, it can do that on summary judgment, not on a motion to dismiss. *See Khoja*, 899 F.3d at 1002 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint," and "[a]lthough the incorporation-by-reference doctrine is designed to prevent artful

pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim."); *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) ("It is improper to accept the truth of matters asserted in incorporated documents only to resolve factual disputes against the plaintiff's well-pled allegations."); *In re Immune Response Sec. Litig.*, 375 F.Supp.2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits where defendant "offer[ed] the documents as evidence that Defendants did not commit a securities violation," but the complaint did not mention or rely on them); *Cappello v. Walmart Inc.*, 2019 WL 11687705, at *3 (N.D. Cal. Apr. 5, 2019) ("neither the Terms nor the purchase confirmation page form the basis of Plaintiffs' claims, nor are they referred to extensively in the Complaint").

**II. Sojern's Documents Cannot Be Judicially Noticed**

Sojern also argues that its exhibits are subject to judicial notice because they "appear on publicly available websites" and "there is no dispute as to the authenticity of any exhibit." ECF 29 at 3. But Federal Rule of Evidence 201 allows for judicial notice of "adjudicative facts," not entire documents that one party finds on the internet. Fed. R. Evid. 201; *see also Immanuel Lake*, 2020 WL 3820424, at *5 (noting that Rule 201(b) "permit[s] judicial notice of adjudicative *facts*, not documents") (emphasis in original). Indeed, courts have unequivocally held that where "the sole justification for judicial notice is that the information or documents appear on websites … judicial notice is improper." *Schippell v. Johnson & Johnson Consumer Inc.*, 2023 WL 6178485, at *4 (C.D. Cal. Aug. 7, 2023); *Thornton v. Mindvalley, Inc.*, 2025 WL 877714, at *2 (N.D. Cal. Feb. 14, 2025) (denying judicial notice of website terms and conditions and privacy policies because "[t]he fact that the exhibits may be 'publicly available' on [defendant's] website does not make them subject to judicial notice under Rule 201 as matters of public record or as facts whose accuracy can be readily determined."); *Cappello*, 2019 WL 11687705, at *3

(N.D. Cal. Apr. 5, 2019) (denying judicial notice of the purchase confirmation page, Terms of Use, Privacy Policy, and Notices on Walmart's website because the facts in the exhibits "cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Duguid v. Facebook, Inc.*, 2016 WL 1169365, at *2–3 (N.D. Cal. Mar. 24, 2016) (similar); *Punian v. Gillette Co.*, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015) (same, collecting cases); *Gerritsen v. Warner Bros. Entm't Inc.*, 2015 WL 4069617, at * 10 (C.D. Cal. Jan. 30, 2015) (same).

Sojern's RJN does not say what "adjudicative fact(s)" it is seeking to notice through these documents. Based on the statements in its motion to dismiss, it appears Sojern believes these documents support the purported fact that "Plaintiff consented to the challenged data practices, which were plainly disclosed in the both the Hilton and Marriott Global Privacy Statements and which Plaintiff agreed to in order to use the websites and to be a Hilton Honors and Marriott Bonvoy member." ECF 28 at 8. That purported fact, however, is hotly disputed—and directly contrary to Plaintiff's allegations—and thus nowhere near an adjudicative fact that is "not subject to reasonable dispute" under Federal Rule of Evidence 201.

Indeed, it is not even clear from Sojern's RJN that Plaintiff ever saw any of these documents before. For example, Sojern seeks to establish that Plaintiff consented to the disclosures on Marriott's website by noticing Marriott's present account creation page (ECF 29 (Exhibit M)) and an archived Marriot Group Global Privacy Statement (ECF 29 (Exhibit N)). But Sojern does not establish when Plaintiff Crano created a Marriott Bonvoy account and thus has not established that the account creation page it seeks to notice is the one that Plaintiff used at that unknown time. Nor does Sojern establish that Plaintiff consented to the archived version of Marriott's Global Privacy Statement through that process, which refers to Marriott Bonvoy Terms and Conditions, not the "Marriott Global Privacy

Statement" referred to in Sojern's brief. *E.g.*, *Jackson v. Fandom, Inc.*, 2023 WL 4670285, at *2 (N.D. Cal. July 20, 2023) (denying the defendant's request for judicial notice because it was "unclear whether the webpages, Terms of Use, and Privacy Policy submitted" were the same versions plaintiff viewed).

Moreover, the documents themselves do not even establish consent to the challenged conduct. For example, the Hilton "Global Privacy Statement" Sojern put before the Court expressly states that Hilton does *not* share the information at issue (*i.e.*, room reservation information) with third parties. ECF 29 (Exhibit C) at ECF p. 21-22 (Hilton Global Privacy Statement: stating "We do not share customers' room preferences with third parties" and "We do not share customers' arrival times with third parties"). Marriott's Group Global Privacy Statement, in turn, is silent on the issue and thus does not authorize the disclosure of guest's identities and room reservation information to third parties for advertising purposes; the closest analogue to guest records in Marriott's nomenclature appears to be "Stay Preferences," which Marriott does not indicate it ever shares with third parties. ECF 29 at ECF p. 171 (describing the categories of information it may share, excluding Stay Preferences). And, of course, none of the documents at issue reference Sojern or the fact that Sojern is intercepting users' communications with the hotel in real time and compiling a database of individuals' hotel and room preferences so that they can be profiled and targeted with marketing across the internet.

For all of these reasons, the issue of whether Plaintiff consented to the conduct at issue based on these documents is not an adjudicative fact that can be judicially noticed under Federal Rule of Evidence 201. It does not matter, as Sojern argues, that some of the documents were filed on the docket in a different court case. ECF 29 at 4. True, a court could take judicial notice of the *fact* that the documents were filed in another matter, but that is not what Sojern is asking the Court to do here. Instead, Sojern is asking the Court to take judicial notice of the *contents* of the

documents and, from there, the purported facts that Plaintiff was on notice of and agreed to these documents and therefore consented to the conduct at issue. But Federal Rule of Evidence 201 does not allow for judicial notice of entire documents, and, even if it did, all of the "facts" that Sojern attempts to support with them are reasonably (and hotly) disputed. *Cf. Khoja*, 899 F.3d 999-1000 (a court "cannot take judicial notice of disputed facts" at the pleading stage).

**CONCLUSION**

For all the foregoing reasons, the Court deny Sojern's RJN in its entirety.

Dated this 11th day of July 2025.

DWOSKIN WASDIN LLP

*/s/ Eric S. Dwoskin*

Eric S. Dwoskin (admitted *pro hac vice*)

*Attorneys for Plaintiff and the Putative Class*

**E-FILING ATTESTATION**

I, Eric S. Dwoskin, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Eric S. Dwoskin*
Eric S. Dwoskin