SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUELLEN CRANO, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SOJERN, INC.,<br><br>Defendant. | Case No. 3:25-cv-02600-JSC<br><br>**DEFENDANT SOJERN, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>DATE: August 14, 2025<br>TIME: 10:00 a.m.<br>CTRM: 8, 19th<br><br>Action Filed: March 17, 2025<br>FAC Filed: June 5, 2025 |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM BECAUSE SHE LACKS ARTICLE III STANDING. .......... 2

III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM. .......... 3

A. Plaintiff's CIPA Claims Fail. .......... 3

1. Plaintiff's Claims are Foreclosed Because She Consented to the Alleged Data Collection. .......... 3

2. Plaintiff's CIPA Claims Fail for Additional Reasons. .......... 6

B. Plaintiff's UCL Claim Fails. .......... 12

C. Plaintiff's Unjust Enrichment Claim Fails. .......... 13

D. Plaintiff Fails to State an ECPA claim. .......... 14

E. Plaintiff Fails to State an Invasion of Privacy Claim. .......... 14

F. Equitable Remedies are Unavailable to Plaintiff. .......... 15

IV. Conclusion .......... 15




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balletto v. Am. Honda Motor Co.*,
2023 WL 7026931 (N.D. Cal. Oct. 24, 2023) ........ 7, 8

*Brown v. Google LLC*,
2021 WL 6064009 (N.D. Cal. Dec. 22, 2021) ........ 13

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ........ 8

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........ 13

*Cody v. Boscov's, Inc.*,
2023 WL 2338302 (C.D. Cal. 2022) ........ 7, 8

*Darringer v. Intuitive Surgical, Inc.*,
2015 WL 4623935 (N.D. Cal. Aug. 3, 2015) ........ 11

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ........ 14

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ........ 14

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ........ 3

*Gaige v. Exer Holding Co., LLC*,
2025 WL 559719 (C.D. Cal. Mar. 2, 2025) ........ 11

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ........ 7

*Graham v. Wells Fargo Bank, N.A.*,
2017 WL 86013 (N.D. Cal. Jan. 10, 2017) ........ 12

*Hernandez v. Lopez*,
180 Cal. App. 4th 932 (2009) ........ 13

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ........ 13

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........ 14



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*James v. Allstate Ins. Co.*,
2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) .......... 10, 11

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022).......... 13

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 10

*Kwikset Corp. v. Superior Ct.*,
51 Cal. 4th 310 (2011).......... 12

*Lakes v. Ubisoft, Inc.*,
2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) .......... 6

*Libman v. Apple, Inc.*,
2024 WL 4314791 (N.D. Cal. Sept. 26, 2024).......... 6

*Licea v. Am. Eagle Outfitters, Inc.*,
2023 WL 2469630 (C.D. Cal. 2023).......... 8

*Licea v. Cinmar, LLC*,
2023 WL 2415592 (C.D.Cal. Mar. 7, 2023) .......... 7, 9

*Montantes v. Inventure Foods*,
2014 WL 3305578 (C.D. Cal. July 2, 2014) .......... 5

*Negro v. Super. Ct.*,
230 Cal.App.4th 879 (2014).......... 5

*Produce Pay, Inc. v. Izguerra Produce, Inc.*,
39 F.4th 1158 (9th Cir. 2022).......... 4

*R.C. v. Sussex Publishers, LLC*,
2025 WL 948060 (N.D. Cal. Mar. 28, 2025) .......... 15

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019).......... 9

*Ribas v. Clark*,
38 Cal. 3d 355, 696 P.2d 637 (1985) .......... 9

*Rodriguez v. Google LLC*
(N.D. Cal. Jan. 25, 2022).......... 9

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023).......... 13

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021) .......... 5



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .......... 5

*Smith v. LoanMe, Inc.*,
11 Cal.5th 183 (2021).......... 5

*Snyder v. G6 Hosp. LLC*,
2025 WL 1254382 (C.D. Cal. Apr. 14, 2025).......... 15

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001).......... 4

*TBG Ins. Servs. Corp. v. Super. Ct.*,
96 Cal.App.4th 443 (2002).......... 5

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .......... 11

*Valenzuela v. Super Bright LEDs Inc.*,
2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) .......... 8

*Williams v. DDR Media, LLC*,
2023 WL 5352896 (N.D. Cal. Aug. 18, 2023).......... 11

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) .......... 7, 8

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010).......... 11

**Statutes**

Cal. Civ. Code § 53.5(i) .......... 6

Cal. Civil Code § 53.5 .......... 13

CCPA .......... 10, 15

CIPA .......... *passim*

CIPA § 631(a) .......... 3

Civ. Code § 1798.140(v)(1)(A).......... 10

ECPA.......... 14, 15

Federal Wiretap Act .......... 14

Motion, California's Consumer Privacy Act.......... 10

Privacy Act § 631 .......... 1, 6, 7



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Rule 12(b)(6) .......... 3

**Regulations**

D at 23 .......... 3, 4, 5, 12



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Suellen Crano asks this Court to find that Hilton and Marriott's installation and use of Sojern's advertising technology on their websites—websites that Plaintiff visited voluntarily to book hotel rooms as a loyalty member—constitutes criminal wiretapping. Plaintiff fails to identify anything unlawful about Sojern's software, fails to identify any prohibition on entities like Hilton and Marriott installing software that facilitates targeted advertising to visitors such as Plaintiff, and cannot explain how Sojern can be accused of effectuating a surreptitious wiretap where Plaintiff necessarily agreed to Hilton and Marriott's terms which disclosed the use of vendors like Sojern. Plaintiff's lawsuit is nothing more than a desperate attempt to try to take advantage of the statutory damages available under California's wiretapping law, but she fails to articulate any theory for how that law could plausibly apply.

Plaintiff largely ignores these points in her Opposition, instead clinging to unsupported interpretations of a statute that was never intended to apply to the use of cookies by websites that Plaintiff voluntarily visits. The Court should dismiss Plaintiff's First Amended Complaint ("FAC") with prejudice for the following reasons.

*First*, Plaintiff lacks Article III standing to bring her claims because she fails to allege any injury fairly traceable to Sojern as opposed to Hilton and Marriott—the entities whose websites she voluntarily visited and with whom she has a longstanding relationship via their loyalty programs.

*Second*, Plaintiff fails to state a California Invasion of Privacy Act ("CIPA") § 631 claim or federal wiretapping claim because she consented to Hilton and Marriott's use of cookie technology and she fails to establish the required elements of the cause of action, including that Sojern intercepted the contents of her communications in transit. Plaintiff attempts to circumvent the consent and technical requirements of CIPA without any authority in support by arguing that the requirements somehow do not apply to her claims.

*Third*, Plaintiff's UCL and unjust enrichment claims fail because she cannot articulate any damages or losses that were caused by Sojern or that enriched Sojern at her expense.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff again ignores on-point authority showing that she has not been damaged by the hotel operators' use of cookie technology.

*Fourth*, Plaintiff fails to provide any authority that her voluntary visit to hotel websites could constitute a serious invasion of her privacy or cause her injury.

*Finally*, Plaintiff fails to articulate any theory that would entitle her to an equitable remedy.

For these reasons, the FAC should be dismissed with prejudice.

## II. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM BECAUSE SHE LACKS ARTICLE III STANDING.

As discussed in Sojern's Motion to Dismiss ("Motion"), the Court should dismiss Plaintiff's claims because she has not alleged any injury that is fairly traceable to Sojern.[1] Mot. at 7. In her opposition, Plaintiff argues that her injury is fairly traceable to Sojern because "Sojern developed the Sojern Tracking Pixel for the purpose of tracking consumers' hotel reservations" and "us[es] that data for marketing purposes and its own pecuniary gain." Opp. at 4. She argues that "the central premise of the complaint is that *Sojern* developed a tracking technology that was designed to intercept guest's communications with hotels and transfer that information to *Sojern*." *Id.* at 5.[2]

Plaintiff's allegations undermine her claims. Her allegations show that she voluntarily visited Hilton and Marriott's websites, those websites installed Sojern's software and, based on the installation of that software, Hilton and Marriott share customer information with Sojern. FAC ¶ 4. Doing so allows hotels like Hilton and Marriott to improve their advertising by registering visitors' browsing activity on their websites. FAC¶¶ 4, 33, 41, 54.

[1] Contrary to Plaintiff's assertions in the Opposition, Sojern did not argue that a statutory wiretapping violation cannot establish an injury sufficient to confer standing. Rather, Sojern argues that Plaintiff's allegations fail to identify any injury that is fairly traceable to Sojern.

[2] Plaintiff also argues that Sojern's Article III argument "is contrary to its litigation position" because Sojern seeks to have this case transferred to the Eastern District of Virginia. Opp. at 2–3. Plaintiff provides no authority that moving to transfer constitutes a waiver of jurisdictional arguments. Sojern did not remove this case from state court to federal court and then argue there was no Article III standing; Sojern simply moved to transfer this case to the appropriate district based on a forum selection clause. Moreover, Sojern raised its Article III standing argument in its initial motion to dismiss and transfer and has consistently maintained this position.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Nothing about these allegations implicates CIPA § 631(a), which penalizes "(1) intentional wiretapping, (2) willfully attempting to learn the contents or meaning of a communication in transit over a wire, and (3) attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 940 (S.D. Cal. 2024). Hilton and Marriott both contracted with Sojern, installed Sojern's technology on their websites, and then willingly shared user information with Sojern so that Sojern could assist with targeted hotel advertisements to those users. FAC¶¶ 4, 33, 41, 54. Nothing about these allegations implicates any wiretapping law or any privacy rights. Indeed, Hilton and Marriott both openly disclose that they use third parties to collect user information for targeted advertising purposes. RJN Ex. C at 46; Ex D at 23; RJN Ex. N at 1. Plaintiff knew of these practices and chose to visit Hilton and Marriott's websites anyway.

In short, Plaintiff has not alleged any wiretapping by Sojern or anyone else, or any interception in transit (i.e., an interception of Plaintiff's information prior to her reaching her intended destination at Hilton.com or Marriott.com). Hilton and Marriott's disclosed use of third-party service providers like Sojern is not a violation of law but, even if it were, it would be a violation traceable to Hilton and Marriott because they installed Sojern's technology on their websites. The Complaint should be dismissed.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM.

### A. Plaintiff's CIPA Claims Fail.

As discussed in Sojern's Motion, the Court should dismiss Plaintiff's CIPA claims with prejudice pursuant to Rule 12(b)(6) because: (1) Plaintiff consented to Sojern's data collection, (2) Plaintiff fails to state a plausible claim under CIPA, and (3) her claim falls outside of the limitations period for a CIPA claim. Mot. at 8–15. Plaintiff's arguments to the contrary require the Court to ignore her plain allegations and interpret CIPA in an unprecedented manner.

#### 1. Plaintiff's Claims are Foreclosed Because She Consented to the Alleged Data Collection.

In her opposition, Plaintiff argues that (1) the Court must blindly accept her allegation that she did not consent to the use of Sojern's technology as true; and (2) even if she did consent,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

her claim survives because Sojern's "interception of [her] room reservation information was … done in an 'unauthorized manner.'" Opp. at 10. Both arguments fail.

First, Plaintiff argues that the Court must accept her allegation that she did not consent to the alleged data practices as true at this stage. Opp. at 7. However, the Court need not accept her allegation as true because it is "merely conclusory" and "contradict[s] matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Indeed, Plaintiff's "allegation" that she did not consent is a legal conclusion that is contradicted by the other facts alleged in the FAC.

As an admitted Hilton Honors and Marriott Bonvoy member, FAC ¶ 4, Plaintiff necessarily consented to the Hilton Honors Terms and Marriott Global Privacy Statement, both of which plainly disclose the data practices she now challenges. RJN Ex. C at 46; Ex D at 23; Ex. M at 2; Ex. N at 8. Plaintiff opened the door to those membership documents through her admission of being a loyalty member of both hotel groups, and these online terms and conditions appear publicly and their authenticity cannot be reasonably questioned. These documents show that her brazen contention that she did not consent is simply untrue.

The authority relied on by Plaintiff does not compel a contrary conclusion. While the Court must take Plaintiff's well-pled factual allegations as true, here, Plaintiff's contention that she did not consent is conclusory and belied by her admissions and judicially noticeable documents. *See Produce Pay, Inc. v. Izguerra Produce, Inc*., 39 F.4th 1158, 1166 (9th Cir. 2022). The Court is not required to stick its head in the sand and accept a legal conclusion that is undermined by publicly available documents that Plaintiff has shown apply by virtue of her status as a loyalty member of Hilton and Marriott. As such, this matter bears no resemblance to *Valenzuela v. Keurig Green Mountain, Inc.*, where the defendant argued that plaintiff consented based on a hyperlink to a privacy policy on its website. 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023). Here, Plaintiff admits that she was a loyalty member and regularly booked on the Hilton and Marriott websites, which necessarily shows that she was presented with and agreed to the terms disclosing the use of cookies and third-party vendors like Sojern. FAC ¶ 4. Plaintiff also argues that the Hilton and Marriott Global Privacy Statements do not establish consent because



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

they do not disclose that the hotels may share room reservation information. Opp. at 8. However, Hilton's Global Privacy Statement broadly provides that Hilton "partner[s] with third parties to provide advertising services that are targeted *based on your online activities across websites*, mobile apps, and devices over time." RJN Ex. C at 46; Ex D at 23.

In addition, Plaintiff necessarily consented when she voluntarily visited the Hilton and Marriott websites. A plaintiff can impliedly consent to an interception, and "the circumstances involved with certain kinds of communications," like web communications, "may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient." *Negro v. Super. Ct.*, 230 Cal.App.4th 879, 892 (2014); *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 194 fn. 4 (2021); *TBG Ins. Servs. Corp. v. Super. Ct.*, 96 Cal.App.4th 443, 452 fn. 8 (2002) ("[A]ny reasonably intelligent person 'savvy enough' to use the Internet is aware that messages are received in a recorded format …; by sending a communication over the Internet, the party expressly consents to the recording of the message[.]"); *Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D. Cal. July 2, 2014) ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording…."). Plaintiff failed to address this argument in her Opposition and, thus, has conceded that she impliedly consented when she voluntarily visited the Hilton and Marriott websites.

Second, Plaintiff remarkably argues that her CIPA claim can survive even if she consented. Opp. at 10. Courts, however, routinely dismiss privacy claims where a plaintiff consents to the challenged practice. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955 (N.D. Cal. 2017) (consent bars CIPA and invasion of privacy claims); *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) (dismissing CIPA claims: "privacy policies … can establish consent to the alleged conduct challenged under various states' wiretapping statutes and related claims"); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *7 (N.D. Cal. Sept. 26, 2024) (dismissing CIPA and privacy claims based on notice of data practices); *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *4, 8 (N.D. Cal. Apr. 2, 2025) (dismissing CIPA and invasion of privacy claims: "Consideration of consent is appropriate on a motion to dismiss where lack of consent is



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

an element of the claim"). Plaintiff fails to acknowledge this authority in her opposition. Instead, she argues that her § 631 claim can survive, even if she consented, because "Sojern's interception of [her] room reservation information was done in an unauthorized manner" because "guest records cannot be disclosed" under California law without a subpoena, warrant, or order. Opp. at 10. Plaintiff does not cite any authority showing that a wiretapping claim can survive even if a user consents based on an allegation that the interception was done in an "unauthorized manner," and Sojern has not located any that would support Plaintiff's contention. Opp. at 10. Moreover, and as discussed in the Motion, Sojern's conduct falls outside of or is excepted from the guest records statute. Mot. at 16. Section 53.5(a) prohibits "an innkeeper, hotelkeeper, motelkeeper, lodginghouse keeper, owner or operator of an inn, hotel, motel, lodginghouse" from disclosing guest records, but allows for the disclosure of business records to third-party providers, like Sojern. Cal. Civ. Code § 53.5(i). By its plain text, the statute might apply to Hilton or Marriott as "an innkeeper," but Plaintiff has not pled any facts showing that the information could not be disclosed to Sojern or that a vendor like Sojern could be subject to the statute.

**2. Plaintiff's CIPA Claims Fail for Additional Reasons.**

As discussed in the Motion, Plaintiff's claims also fail because Sojern (a) is not a third-party eavesdropper, but rather an extension of Hilton and Marriott; (b) did not intercept Plaintiff's information; (c) did not collect the "contents" of Plaintiff's communications; and (d) did not read, attempt to read, or learn the contents *in transit*. Mot. at 10–13. Additionally, Plaintiff's claims are barred by CIPA's statute of limitations. Mot. at 14–15.

**a. Sojern Received Plaintiff's Information from a Party to the Communication.**

Plaintiff argues in her Opposition that Sojern acts as a third-party eavesdropper because it "has the capability of using intercepted communications for its own purposes."[3] Opp. at 13. In

[3] Plaintiff also argues that the "party exception" is an affirmative defense and cannot be resolved on a motion to dismiss. Opp. at 13. Courts in this district routinely find the party exception applies on a motion to dismiss. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (finding plaintiff failed to state a claim under section 631 because the party exception applied); *Balletto v. Am. Honda Motor Co.*, 2023 WL 7026931, at *3 (N.D. Cal. Oct. 24, 2023) (same); *Keurig Green Mountain, Inc.*, 674 F. Supp. 3d at 758 (same).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the FAC, Plaintiff alleges that Sojern uses the information it collects for "its own internal business purpose, including research and product development and improvement." FAC ¶¶ 20, 21, 25, 30, 38; Opp. at 14.

As discussed in the Motion, Mot. at 11, the allegations in the FAC, taken as a whole, show that Sojern is an extension of Hilton and Marriott and not a third-party eavesdropper because it is "a vendor that provides a software service." *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021). For Sojern to be considered a third-party eavesdropper, "Plaintiff must provide facts suggesting that [Sojern is] recording [Hilton and Marriott's] customers' information for some use or potential future use beyond simply supplying this information back to [Hilton and Marriott]." *Cody v. Boscov's*, *Inc*., 2023 WL 2338302, at *2 (C.D. Cal. 2022). Here, Plaintiff concedes that Sojern uses its technology to improve Hilton and Marriott's advertising by registering visitors' browsing activity on Hilton and Marriott's websites. FAC¶¶ 4, 33, 41, 54. This admission shows that Sojern is more akin to "a tape-recorder in [Hilton and Marriott's' control]," and is therefore an extension of Hilton and Marriott, not a third-party eavesdropper. *Keurig Green Mountain, Inc.*, 674 F. Supp. 3d at 758.

Indeed, Plaintiff does not allege that Sojern uses any data for its own financial gain or that it sells that data; instead, she alleges that Sojern uses the data collected for its clients to improve its product *for those same clients.* Opp. at 14. These allegations are insufficient to establish that Sojern independently used any collected data. *See Licea v. Cinmar, LLC*, 2023 WL 2415592, at *9 (C.D.Cal. Mar. 7, 2023) (dismissing matter where allegations that third party "boasts of its ability to harvest valuable data" "for financial gain" merely suggested "third party analyzed or used the data on behalf of or in tangent with Defendant"); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *9 (C.D. Cal. Feb. 14, 2023) (dismissing matter where allegations showed "third-party vendor's software was merely a tool that Defendant used to record communications") (cleaned up). The authority relied on by Plaintiff does not support her position and instead shows that the party exception applies under these circumstances. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (finding party exception applied because plaintiff did not adequately allege that the defendant-software had "the


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

capability to use the[] communications for any purpose other than furnishing them to [their client.]"); *Balletto v. Am. Honda Motor Co.*, 2023 WL 7026931, at *3 (N.D. Cal. Oct. 24, 2023) (same); *see Valenzuela v. Super Bright LEDs Inc.*, 2023 WL 8424472, at *8 (C.D. Cal. Nov. 27, 2023) (finding party exception applied even where "software stored communications for [defendant]" so defendant "could conduct its own data analytics and marketing efforts").

To the extent Plaintiff hangs her hat on her allegation that Sojern "has the capability to use the information it collects … for its own purposes, and, in fact, does," FAC ¶ 96, this allegation is "conclusory and insufficient," and cannot form the basis for finding Sojern is a third-party eavesdropper. *See Super Bright LEDs Inc.*, 2023 WL 8424472, at *8 (finding party exception applied to software even where plaintiff alleged that the software "ha[d] the capability to use its record of Website users' interaction with Defendant's chat feature for purposes other than storage including data analytics and marketing to consumers."); *Cody*, 2023 WL 2338302, at *2 (dismissing claim where allegation third parties "use the code embedded . . . to 'harvest valuable data from such customer communications for the benefit of their clients like Defendant'" was conclusory); *Hot Topic*, 2023 WL 2026994, at *10 (dismissing "contention that the third party 'harvests data for financial gain'" as a "mere conclusion"); *Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *6-8 (C.D. Cal. 2023) (dismissing allegation "third parties … harvest data for financial gain" as conclusory).

**b. Sojern Did Not Intercept Plaintiff's Information While in Transit.**

To be held liable under § 631(a)'s second clause, Plaintiff must adequately allege that Sojern "listen[ed] to a communication *while* the same is in transit[.]" *Keurig*, 674 F. Supp. 3d at 758. As discussed in the Motion, Plaintiff cannot do so. Mot. at 12–14.

While Plaintiff included conclusory language alleging an interception in the FAC, her allegations make clear that Hilton and Marriott contracted with Sojern, proactively installed Sojern's software on their websites, and then sent Plaintiff's information to Sojern. FAC ¶¶ 4, 25, 55. This chain of events shows that there was no interception and Sojern could not listen to Plaintiff's communications *while in transit*. Indeed, Plaintiff's allegations that she accessed Hilton and Marriott's websites show that she reached her intended destination and only thereafter



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

was information disclosed to Sojern. By definition, this cannot be an interception, notwithstanding her arguments to the contrary. *See* Opp. at 12.

Furthermore, even if Plaintiff did not include allegations in the FAC that contradict her conclusory language relating to an interception, the allegations still do not provide adequate detail "as to how the interception occurs," *Keurig*, 674 F. Supp. 3d at 759, and thus, her claim should be dismissed. *See Cinmar*, 659 F. Supp. 3d at 1110–1111 (allegations that software "secretly intercepts in real time, eavesdrops upon, and stores transcripts" are conclusory and insufficient); *Rodriguez v. Google LLC*, at *2 (N.D. Cal. Jan. 25, 2022) (the use of "intercepted" and claims that the software simultaneously transferred information to defendant were inadequate to allege interception).

Finally, Plaintiff argues that "even if [her] communications were not intercepted 'in transit' … the interceptions are still actionable because the communications were being 'sent from, or received at, a place within this state.'" Opp. at 18. Neither case that Plaintiff relies on to support this argument actually does so; they do not analyze the statute as being disjunctive. *Ribas v. Clark*, 38 Cal. 3d 355, 360, 696 P.2d 637, 640 (1985) ("It cannot be seriously disputed that defendant is accused of eavesdropping on plaintiff's conversation with his wife while the communication was either 'in transit' or was 'being sent from' and 'received at' a place within this state."); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019) (finding the statute is inclusive of parallel signals). Even under Plaintiff's strained reading, the statute still requires an interception, and an interception is necessarily in transit.

#### c. The Collected Information Does Not Constitute "Contents" of a Communication.

As explained in the Motion, even if Plaintiff could show that Sojern intercepted her information (she cannot), Sojern did not collect the "contents" of Plaintiff's communications, but record information not covered by the statute. Mot. at 12–13. Plaintiff argues that she has adequately alleged the contents of her communications were intercepted because the information included "the relevant hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that Plaintiff Crano completed her reservations." Opp. at 16. Despite dressing this information up as contents, these allegations are akin to "page visits,


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

purchase intent signals, and add-to-cart actions," which are considered record information, not contents. *See, e.g.*, *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 & n.9 (N.D. Cal. 2023) ("page visits, purchase intent signals, and add-to-cart actions" are not contents). Indeed, and as set forth in the Motion, California's Consumer Privacy Act ("CCPA") was specifically designed to address online privacy concerns, and the CCPA allows for the collection of information like that alleged by Plaintiff. *See* Civ. Code § 1798.140(v)(1)(A). It would be unreasonable for the collection of personal information to be allowed under the CCPA—the statute designed to regulate online privacy—but penalized under CIPA, a 60-year-old statute designed to regulate the installation of wiretaps on suspected criminals' phone lines. *See* Mot. at 13.

**d. Sojern Did Not Read, Attempt to Read, or Learn the Contents of the Communications in Transit.**

Plaintiff argues that she has sufficiently alleged that Sojern read, attempted to read, or learned her communications because Sojern's technology "necessarily reads and learns the substance of th[e] communication" when it "intercepts a user's communication." Opp. at 17. She has not. *See* Mot. at 13. Plaintiff's allegations simply repeat the language of the statute. Absent from the FAC are any allegations that Sojern "attempted to read or learn the contents of the communication while in transit." *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023). Instead, Plaintiff alleges that Sojern "collects as much information relating to a hotel guest as possible[,] … stores that information in a centralized location … where it matches data points and creates detailed profiles on individuals, and then uses those profiles to send direct, targeted advertisements from hotels[.]" FAC ¶ 40. This allegation shows that anything that Sojern does with the information sent to it by Hilton and Marriott does not happen in transit. *See Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *5 (N.D. Cal. Apr. 17, 2025) ("Even if [the] software intercepts the contents of Plaintiffs' communications in real time and stores the recording on [a] server that … employees can access, nothing in the record plausibly indicates that [third party] reads or attempts to read the contents of the communication *while they are in transit*."); *James*, 2023 WL 8879246 at *3 (finding allegation that the collected "data is stored or can be accessed by [the third party]" did not support the inference that the third


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

party attempted to read or learn the contents of the communication while in transit); *Williams v. DDR Media, LLC*, 2023 WL 5352896, at *4 (N.D. Cal. Aug. 18, 2023) (dismissing because software "merely recorded the communication").

**e. Plaintiff's Claims are Barred by CIPA's One-Year Statute of Limitations Period.**

As discussed in the Motion, Plaintiff's claims arising from her booking on Marriott's website on August 2, 2023, are time-barred as the booking plainly occurred more than one year prior to the filing of the lawsuit. Mot. at 14–15. Plaintiff's only argument in opposition is that her claims were tolled based on the delayed discovery rule. Opp. at 19. "The delayed discovery rule tolls the statute of limitations, which requires the plaintiff to plead facts which show '(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" *Gaige v. Exer Holding Co., LLC*, 2025 WL 559719, at *3 (C.D. Cal. Mar. 2, 2025) (quoting *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010)). Here, however, there could be no delayed discovery because Plaintiff was necessarily aware that Marriott used cookies and shared information with third-party vendors like Sojern at the time of her booking. Her loyalty agreements with Marriott said so. Thus, her claims relating to Marriott are necessarily time-barred. *See Darringer v. Intuitive Surgical, Inc.*, 2015 WL 4623935, at *4 (N.D. Cal. Aug. 3, 2015) (plaintiffs claims were time-barred where the complaint failed to sufficiently plead "time and manner of their discovery of the facts giving rise to their claims" and "provide[d] no basis for the Court to conclude that they were unable to discover such facts earlier").

Plaintiff's claims relating to her visits to Hilton should be similarly dismissed on limitations period grounds. *See* Mot. at 15. Plaintiff alleges that she has booked multiple hotel rooms with Hilton over time, including on April 4, 2024, and that she is a Hilton Honors member. FAC ¶ 4. Each time she booked a room, as was the case with the Marriott bookings, she was necessarily put on notice of Hilton's use of cookies and sharing of information with third-party vendors like Sojern, because her agreements with Hilton disclosed this activity. RJN Ex. C at 46; Ex D at 23. Plaintiff's attempt at artful pleading by only including her latest booking with Hilton—which was just within the limitations period for a CIPA claim—should be


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

rejected. Her allegations of booking multiple Hilton hotel rooms over time undermines any argument that her claims were not time-barred.

**B. Plaintiff's UCL Claim Fails.**

As discussed in the Motion, Mot. at 15–17, Plaintiff's UCL claim fails because she fails to "allege facts showing that she has '… lost money or property as a result of the unfair competition.'" *Graham v. Wells Fargo Bank, N.A.*, 2017 WL 86013, at *3 (N.D. Cal. Jan. 10, 2017). In her opposition, Plaintiff argues that she has UCL standing because her loyalty points have an economic value, which she cannot use "without Sojern intercepting her communications." Opp. at 20. She also argues that her data, which has value, was taken without compensation, constituting an economic injury. *Id.* Her arguments are unavailing.

First, Plaintiff cites no authority supporting her contention that Plaintiff's choice not to use her loyalty points constitutes an injury sufficient for UCL standing. Opp. at 20. Even if this could generally be considered an injury, here, Plaintiff fails to allege any details about the loyalty points, including the number of points or their cash value. *See* FAC ¶ 4. This is insufficient to establish UCL standing. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 324 (2011) (noting UCL standing "appear[s] to be more stringent than federal standing," and noting that UCL injuries may not be intangible). But even if she had alleged such facts, Plaintiff "cannot manufacture standing merely by inflicting harm on [herself] based on [her] fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Here, any choice by Plaintiff to refrain from using her loyalty points is a self-inflicted harm based on an irrational fear of being served hotel advertisements.

Second, Plaintiff's contention that she has established UCL standing because her data has lost value has been routinely rejected. Plaintiff concedes this point by failing to address the authority in the Northern District that requires her to "allege the existence of a market for [her] data and the impairment of the ability to participate in that market." *Ji v. Naver Corp.*, 2022 WL 4624898, at *9 (N.D. Cal. Sept. 30, 2022); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023) (plaintiffs "failed to allege how they ha[d] … lost profit from the sale of their data without compensation."). Nor does Plaintiff provide specific allegations


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

describing how the challenged practices devalued her data, that she intended to sell her data, that there was a market for her data, or that that market has diminished. *See Brown v. Google LLC*, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021).

Her UCL claim also fails because Plaintiff must allege that Sojern engaged in unlawful, unfair, or fraudulent practices. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 838 (N.D. Cal. 2020). Here, Plaintiff's UCL claim cannot be based on her CIPA claim, because, as discussed, her CIPA claim fails. Further, this claim cannot be based on a violation of Cal. Civil Code § 53.5, because her claims against Sojern fall outside of or are excepted by the statute. *See supra* III(A)(1). Nor can it be based on her unjust enrichment, federal wiretapping, or invasion of privacy claims, as discussed below.

**C. Plaintiff's Unjust Enrichment Claim Fails.**

As discussed in the Motion, Mot. at 17, Plaintiff's unjust enrichment claim cannot survive because unjust enrichment is only a viable restitution mechanism where the plaintiff "conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for defendant to retain the benefit without paying for its value." *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009). Plaintiff has not "show[n] that [Sojern] received and unjustly retained a benefit at [her] expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Plaintiff visited hotel websites and was later served advertisements for those same hotels. She has not alleged any facts that she has conferred a benefit on Sojern or that the benefit was unjustly retained. Rather, her allegations make it clear that Hilton and Marriott pay for Sojern's software and, in exchange, Sojern supplies that software. FAC ¶ 25. To the extent that she argues that Sojern has used her information—along with the information of many, many others—to improve its software, FAC ¶ 38, Plaintiff has not provided any details that would allow this Court to infer that it would be inequitable for Sojern to retain that nominal benefit without paying for its value. Her unjust enrichment claim should be dismissed.


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**D. Plaintiff Fails to State an ECPA claim.**

As discussed in Sojern's Motion, Plaintiff cannot state an ECPA claim because if *any* party to a communication consents to recording, the Federal Wiretap Act does not apply. Mot. at 17; *see In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014). Plaintiff concedes that the ECPA is a one-party consent statute, Opp. at 22, but argues that one-party consent does not apply here, "where the interception is a crime or a tort." Opp. at 22. Plaintiff misreads *Meta Platforms* to argue "that the 'one-party exemption' does not apply when the party acts for the purpose of committing a tort." Opp. at 22 (citing *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1078 (N.D. Cal. 2023)). Rather, in *Meta Platforms*, the court reasoned that it could not hold, as a matter of law, that the applicable healthcare providers "*actually* consented to the sending of sensitive healthcare information of its customers" to Meta in a case alleging the wrongful capture of that information. *Id.* The plain allegations in the FAC show that *Meta Platforms* has no application here. The hotels—as demonstrated by their privacy statements and Plaintiff's own allegations showing that the hotels voluntarily sent information to Sojern—plainly consented to sharing Plaintiff's information with Sojern. FAC ¶ 25. Because one party consented to the disclosure of the information, Plaintiff cannot state an ECPA claim.

**E. Plaintiff Fails to State an Invasion of Privacy Claim.**

As discussed in Sojern's Motion, Plaintiff's invasion of privacy claim fails because: (1) she has no reasonable expectation of privacy in the collected information; and (2) Sojern's alleged intrusion is not highly offensive to a reasonable person. Mot. at 18–19. Plaintiff argues that she pleads a privacy interest and a reasonable expectation of privacy because her information was confidential under the Guest Records Statute. Opp. at 22–24.

As discussed previously, the Guest Records Statute cannot apply to Sojern and, even if it could, Hilton and Marriott are entitled to share information with third-party vendors under the plain language of the statute. *See supra* III(A)(1). Moreover, Plaintiff consented to Hilton and Marriott's data practices, and Sojern's actions as a mere vendor would not offend a reasonable person. *Snyder v. G6 Hosp. LLC*, 2025 WL 1254382, at *4 (C.D. Cal. Apr. 14, 2025) (plaintiffs' consent to the privacy policy barred claims for invasion of privacy).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's reliance on *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *9 (N.D. Cal. Mar. 28, 2025), is misguided. There, the court simply stated that it could not "conclude as a matter of law" that the defendant's alleged sharing of plaintiffs' medical information, including communications involved in seeking mental health treatment, "was not highly offensive." *Id.* Sojern's receipt of Plaintiff's data from Hilton and Marriott, which it used to market Hilton and Marriott properties back to their customers, is not comparable to the disclosure of mental health records. In fact, such advertising is expressly permitted under the CCPA, which Plaintiff concedes by failing to address this argument in her Opposition. *See* Opp. at 22–24.

### F. Equitable Remedies are Unavailable to Plaintiff.

Plaintiff's request for equitable relief necessarily fails because each of the causes of action alleged provides an adequate remedy at law. *See* Mot. at 19. In response, Plaintiff argues that equitable relief is available under the UCL and ECPA. Opp. at 24. As set forth above, both claims fail as a matter of law and must be dismissed, making the availability of an equitable remedy thereunder irrelevant.

## IV. CONCLUSION

For the foregoing reasons, Sojern respectfully requests that the Court dismiss Plaintiff's claims in their entirety, as she lacks standing and fails to state a claim upon which relief can be granted.

DATED: July 31, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: [signature]
Spencer Persson
Attorneys for Defendant Sojern, Inc.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899