SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

SUELLEN CRANO, individually and on behalf of other similarly situated individuals,

Plaintiff,

v.

SOJERN, INC.,

Defendant.

Case No. 3:25-cv-02600-JSC

**DEFENDANT SOJERN, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

DATE: August 14, 2025
TIME: 10:00 a.m.
CTRM: 8, 19th

Action Filed: March 17, 2025
FAC Filed: June 5, 2025

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Defendant Sojern, Inc.'s ("Sojern") Request for Judicial Notice in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("RJN"), Dkt. No. 29, requests that this Court take judicial notice of Exhibits A–N, screenshots and printouts of publicly available websites, as well as court filings in a case that involved Plaintiff Suellen Crano and her counsel, Eric S. Dwoskin, *Crano v. Hilton Worldwide Holdings, Inc.*, 25-cv-00305-RDA-IDD (E.D. Va.). In response, Plaintiff filed her Opposition to the RJN ("RJN Opp."), Dkt. No. 36, arguing that the Court should deny Sojern's RJN because the documents were not incorporated by "extensive reference" into the First Amended Complaint ("FAC") and because the documents are not judicially noticeable.

As an initial matter, Exhibits A–L are court documents filed by Hilton in *Crano v. Hilton Worldwide Holdings, Inc.*, 25-cv-00305-RDA-IDD (E.D. Va.), and there is no dispute as to the authenticity of any of these exhibits. RJN at 3–4; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 & n.6 (9th Cir. 2006) (finding courts "may take judicial notice of court filings and other matters of public record."); *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 975 (N.D. Cal. 2016) (taking judicial notice of documents filed by the parties in a prior case). Plaintiff does not address Sojern's argument that these exhibits should be judicially noticed based on being court documents, *see generally* RJN Opp., and Plaintiff therefore concedes this argument.

Further, as discussed in the RJN, the Court should take judicial notice of all online terms and conditions because they appear publicly and their authenticity cannot be reasonably questioned. RJN at 3; *see Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 850 (N.D. Cal. 2022) (taking judicial notice of online terms of use "and their contents—as is relevant … to show what exactly [defendant] *disclosed* in its policies"); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "four versions of Google's Privacy Notice" available on Google's website); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (collecting cases taking judicial notice of publicly available policies). Exhibits C–I and M–N are



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

each screenshots or printouts from publicly available webpages: hilton.com, marriott.com, and the Internet Archive's WayBack Machine, and should all be judicially noticed.

Plaintiff contends that these documents cannot be judicially noticed because Sojern did not identify "what 'adjudicative facts'" it seeks to notice through the documents. RJN Opp. at 5. Not so. Sojern seeks judicial notice of the Exhibits to show that both Hilton and Marriott disclosed the challenged data practices in their terms, which all Hilton Honors and Marriott Bonvoy members—including Plaintiff—necessarily agree to. Contrary to Plaintiff's assertions, the information that Hilton and Marriott disclosed regarding these practices is not "hotly disputed." RJN Opp. at 5. The only issue Plaintiff vaguely disputes is whether she agreed to the terms. However, there can be no dispute on this point because Plaintiff has admitted that she was a member of these loyalty programs, and all loyalty program members must agree to the terms, including when booking hotel rooms. FAC ¶ 4. Here, Plaintiff expressly alleges that she belongs to Hilton and Marriott's loyalty programs and booked hotel rooms on April 4, 2024, and August 2, 2023, respectively. *Id.* Both hotels require their loyalty members to agree to their terms and privacy policies, and both privacy policies disclose the use of third-party vendors like Sojern. RJN Exs. A; B; C; D; E; F; G, I; J at ¶ 5; L at ¶ 4; M; N at 1, 3, 5, 8. These documents are publicly available and not subject to dispute, are germane based on Plaintiff's admissions in the FAC, and are therefore subject to judicial notice.

Plaintiff further argues that judicial notice is improper where the *sole* justification for judicial notice is online availability. Opp. at 4. But, this is not the sole justification; the Court should also consider the Exhibits because Plaintiff incorporates the Hilton Reservation Payment Page, Global Privacy Statement, Site Usage Agreement, Hilton Honors Terms and Conditions, her Hilton Honors Account information, the Marriott Account Creation Page, and the Marriott Global Privacy Statement by reference. RJN at 4–5. As stated above, Plaintiff alleges that she is a Hilton Honors and Marriott Bonvoy member, FAC ¶ 4, and she bases her claims on the allegation that she did not consent to the collection of her data. *Id.* She also bases her damage claims on the inability to use her Hilton and Marriott loyalty points in the future. Pl.'s Opp. to Sojern's Mot. to Dismiss, Dkt. No. 35, at 19–20.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The purpose of the incorporation by reference doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based[.]" *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned up). That is especially relevant here, where Plaintiff alleges that she did not consent to data practices that were explicitly disclosed in Hilton and Marriott's terms and has been damaged through an inability to use the loyalty points moving forward. Documents may be considered incorporated by reference where "the complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d at 1008. Contrary to Plaintiff's assertion that the documents cannot be incorporated by reference because she does not mention them by name, RJN Opp. at 3, courts routinely take judicial notice of privacy policies and other similar documents where the claim is based on a plaintiff's lack of consent to challenged policies. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 977 n.1 (N.D. Cal. 2023) ("Because Yockey alleges that he did not consent to the communications at issue, the Court considers the contents of the Rite Aid privacy policy under the incorporation by reference doctrine."); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813 (finding privacy policy and terms of service incorporated by reference because the terms formed the basis for plaintiffs' claims). Because Plaintiff alleges that she did not consent to the data practices at issue, the Court should consider the contents of the policies which disclose these data practices. *See id.*

Plaintiff argues that these documents did not form the basis of her claims because they merely "create a defense to well-pled allegations." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). But here, Plaintiff's allegations are *not* well-pled as she fails to fulfill key statutory elements relating to her wiretapping claims (consent, interception, in transit, etc.), and she omits that the challenged practices were expressly disclosed to her multiple times. *Id.* ("[T]he incorporation by reference doctrine is designed to prevent artful pleading[.]"). The incorporation by reference doctrine exists to conserve judicial resources in artful pleading situations like this one.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Further, Plaintiff also ignores recent authority finding that "it is common for courts to take judicial notice of a company's historical privacy policies." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d at 1009 (N.D. Cal. 2020); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190 (S.D. Cal. 2024) ("The existence of privacy policies and webpages are judicially noticeable facts because they appear on publicly available websites and their authenticity cannot be reasonably questioned."); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (taking judicial notice of warranty because they appeared on publicly accessible website); *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 2, 2025) (taking judicial notice of policies publicly available on defendant's website including privacy policy, cookies settings, website cookies banner, and screens showing account creation and purchase process); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of publicly available webpages, including privacy policy and privacy notice). Importantly, none of these cases required "extensive reference" as Plaintiff contends. Rather, the question is whether the documents in question were important to establishing Plaintiff's claims. Here, Plaintiff's status as a loyalty member of both hotel chains is critical to her claims, where she contends she has been damaged because she cannot use her loyalty points moving forward. Thus, taking notice of the loyalty program terms and policies is critical to a full understanding of Plaintiff's claims and to see through her attempts at artful pleading.

The cases that Plaintiff relies on are all distinguishable. In each instance, the court did not find the documents in question noticeable or incorporated by reference because the documents did not form the basis for elements of the underlying claims. *See Schippell v. Johnson & Johnson Consumer Inc.*, 2023 WL 6178485, at *4 (C.D. Cal. Aug. 7, 2023) (denying ***plaintiff's*** RJN in a false advertising case because she did not allege she relied upon the webpages in making her purchases); *Thornton v. Mindvalley, Inc.*, 2025 WL 877714, at *2 (N.D. Cal. Feb. 14, 2025) (denying RJN because defendant "identifie[d] no authority for th[e] request" in VPPA case); *Cappello v. Walmart Inc.*, 2019 WL 11687705, at *3 (N.D. Cal. Apr. 5, 2019) (denying judicial notice and incorporation by reference because documents did not form basis for claim in VPPA case); *Duguid v. Facebook, Inc.*, 2016 WL 1169365, at *2 (N.D. Cal. Mar. 24,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2016) (finding that TCPA claim did not rely on or reference terms of service not accessible through text messages); *Punian v. Gillette Co.*, 2015 WL 4967535, at *4 (N.D. Cal. Aug. 20, 2015) (denying judicial notice of photographs of product that was different from product identified in complaint and where packaging related to a sale more than four months after plaintiff filed the litigation); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (denying judicial notice because website information specific to plaintiff may have been modified).

Based on the foregoing, Sojern respectfully requests the Court take judicial notice of Exhibits A–N.

DATED: July 31, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: ______________________
Spencer Persson
Attorneys for Defendant
SOJERN, INC.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899