SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

SUELLEN CRANO, individually and on behalf of other similarly situated individuals,

Plaintiff,

v.

SOJERN, INC.,

Defendant.

Case No. 3:25-cv-2600-JSC

**DEFENDANT SOJERN, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD TWO CLAIMS**

DATE: January 8, 2026
TIME: 10:00 a.m.
CTRM: 8, 19th Floor

Action Filed: March 17, 2025

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 2

III. ARGUMENT ..... 3

IV. PLAINTIFF'S ATTEMPT TO ADD TWO NEW CLAIMS WOULD CAUSE UNDUE DELAY AND IS IN BAD FAITH ..... 4

V. AMENDMENT IS FUTILE ..... 6

A. Plaintiff's Section 632 Claim is Inadequately Pled. ..... 6

1. The communications were not confidential. ..... 6

2. Section 53.5(a) does not apply to Sojern. ..... 7

B. Plaintiff's Intrusion Upon Seclusion Claim is Inadequately Pled. ..... 8

VI. CONCLUSION ..... 9



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Acri v. International Ass'n of Machinists & Aerospace Workers*,
781 F.2d 1393 (9th Cir. 1986) .......... 4, 5

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) .......... 3, 4

*Faulkner v. ADT Sec. Servs., Inc.*,
706 F.3d 1017 (9th Cir. 2013) .......... 6

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 5, 8, 9

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 8

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 9

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) .......... 8

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) .......... 3

*People v. Nakai*,
183 Cal. App. 4th 499 (2010) .......... 6

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 6

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 6


**Statutes**


18 U.S.C. § 2511(1), *et seq.* .......... 2

Cal. Bus. & Pro. Code § 17200, *et seq.* .......... 2

Cal. Civ. Code
§ 53.5 .......... 8, 9
§ 53.5(i) .......... 7, 9
§ 53.5(a) .......... 7
§ 53.5(f) .......... 7
§ 1798.100-1798.196 .......... 9




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Cal. Penal Code
§ 631(a) .......... 2, 4
§ 632 .......... *passim*

**Rules**

Fed. R. Civ. P. 15 .......... 4

**Constitutional Provisions**

U.S. Const. amend. III .......... 1



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Defendant Sojern, Inc. ("Sojern") respectfully submits this opposition to Plaintiff's Motion for Leave to Add Two Claims (the "Motion").

## I. INTRODUCTION

Plaintiff Suellen Crano ("Plaintiff") seeks to add two additional claims to her Second Amended Complaint ("SAC," ECF No. 44): for violation of California Penal Code section 632 and intrusion upon seclusion. The Court should deny Plaintiff's motion on multiple grounds.

*First*, Plaintiff's original complaint ("Complaint") in this case included a section 632 claim. (Compl. ¶¶ 91–152.) Sojern moved to dismiss that claim only for Plaintiff to *abandon it in her First Amended Complaint (the "FAC"), which was filed in lieu of an opposition*. Plaintiff should not be afforded the opportunity to backtrack and re-add this claim simply because this Court dismissed her other claims in the FAC (albeit with leave to amend).

*Second*, each of the newly added claims are based on the same facts and allegations available to Plaintiff at the time of filing the Complaint and the FAC. As stated above, Plaintiff already asserted and strategically discarded her section 632 claim, and the newly added intrusion upon seclusion claim is duplicative and simply mirrors her existing invasion of privacy claim. Indeed, the claims are nearly identical and there is no justification for giving Plaintiff a third bite at the apple to add this superfluous claim. The Court's dismissal Order seemingly recognized as much by requiring Plaintiff to seek leave before adding any new claims.

*Third*, amendment is futile. Plaintiff's section 632 claim will fail because she has not (and cannot) allege that her communications were confidential, and the hotel records statute that Plaintiff wishes to impose on Sojern only applies to entities such as hotels or innkeepers. Her intrusion upon seclusion claim will fail for the same reasons the Court dismissed her invasion of privacy claim: she does not have a reasonable expectation of privacy in routine internet communications and Sojern's work for hotel brands in the internet advertising space cannot be construed as highly offensive to a reasonable person. In short, the additions to the SAC are dilatory, unwarranted, and futile, and Plaintiff's Motion should be denied.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II. PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on March 17, 2025. (Compl., ECF No. 1.) In her Complaint, she asserted claims for violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a); (2) **violations of CIPA § 632**; (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Pro. Code § 17200, *et seq.*; (4) common law unjust enrichment; and, (5) violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq*. (Compl. ¶¶ 91–152.)

Sojern moved to dismiss the Complaint. (ECF No. 17.) Sojern moved to dismiss the CIPA section 632 claim on the grounds that Plaintiff failed to adequately allege that her communications were "confidential" and the hotel records statute that Plaintiff sought to apply to Sojern only applies to hotels or innkeepers. (*Id.* at 18–19.)

Rather than oppose Sojern's motion to dismiss, Plaintiff filed her FAC on June 5, 2025. (FAC, ECF No. 19.) Plaintiff, conceding the dismissal arguments set forth in Sojern's motion, made the strategic decision to remove her CIPA section 632 claim while adding a claim for invasion of privacy.

Sojern again moved to dismiss. (ECF No. 28.) Plaintiff opposed Sojern's motion, and a hearing on the motion took place on August 21, 2025, before the Honorable Jacqueline Scott Corley. (ECF No. 41.) At the hearing, this Court and Plaintiff's counsel engaged in a colloquy about Plaintiff's CIPA section 631(a) claim where the Court noted that counsel's recording argument implicated a different statute, but did not appear to invite an amendment that would include such a claim without seeking leave to amend. (*See* ECF No. 47 ("Tr.") at 37:24–25, 38:10–13.)

On September 19, 2025, the Court granted Sojern's motion to dismiss with leave for Plaintiff "to amend the claims alleged in the amended complaint." (ECF No. 42 ("Order") at 16.) The Order further stated that "Plaintiff may not add new defendants or claims without further leave of court." (*Id.*) The Court set October 16, 2025 as the deadline for Plaintiff to file her SAC. (*Id.*)



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff filed her SAC on October 16, 2025. (*See* SAC.) Plaintiff, however, did not heed the Court's instructions in the Order and instead added two new claims for purported violations of section 632 and for intrusion upon seclusion without seeking leave.

Counsel for Sojern identified this deficiency and brought it to the attention of opposing counsel. To promote judicial efficiency, the parties agreed to extend the deadline for Sojern to file its motion to dismiss the SAC until after Plaintiff filed a motion for leave to add additional claims. (ECF No. 48.) Plaintiff filed its Motion for Leave to Add Two Claims ("Motion") on November 21, 2025. (ECF No. 52.)

## III. ARGUMENT

While "leave to amend 'shall be freely given when justice so requires,'" a "district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Here, Plaintiff's claims are dilatory and asserted in bad faith because Plaintiff already alleged a section 632 claim in her Complaint, only to strategically abandon that claim by excluding it from her FAC when faced with Sojern's motion to dismiss. The attempted re-addition of this claim following the Court's dismissal Order is in bad faith because the claim was plainly contemplated at the outset of the case. Similarly, there is simply no justification or need for the addition of an intrusion upon seclusion claim where that claim is based on the same facts and largely mirrors the elements of her existing invasion of privacy claim. To the extent Plaintiff wanted to assert this claim, it also could and should have been included in the FAC.

Plaintiff's proposed amendments are also futile because they are inadequately pled and no amendment can cure the deficiencies. Indeed, Plaintiff conceded the deficiencies in her section 632 claim when she excised it from the FAC after reviewing Sojern's arguments seeking dismissal of the Complaint and the intrusion upon seclusion claim will rise or fall with her invasion of privacy claim.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## IV. PLAINTIFF'S ATTEMPT TO ADD TWO NEW CLAIMS WOULD CAUSE UNDUE DELAY AND IS IN BAD FAITH.

Motions for leave to amend under Federal Rule of Civil Procedure 15 may be denied when the amendment is dilatory and would cause undue delay. The standard for undue delay is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp.*, 465 F.3d at 953. As the Ninth Circuit has stated, amendments that "assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

In her Motion, Plaintiff paints a sympathetic picture: she filed her FAC that includes a CIPA section 631(a) claim and, after oral argument, she realized she should bring a section 632 claim. (Mot. at 3.) She argues that she is adding these claims "in response to the Court's Order on Sojern's motion to dismiss and in light of the colloquy with the Court regarding the possibility that the claims at issue are better ple[d] under a 'recording' theory than an 'in transit' theory." (Mot. at 6.) She claims that "[j]ustice so requires that [she] be allowed to test her allegations under all applicable legal theories." (*Id.* at 5.)

But Plaintiff's Motion is intentionally misleading. First, and most critically, she ignores her Complaint in describing the procedural history. (*See* Mot. at 3.) As discussed *supra* in Section II, the Complaint included a section 632 claim. (Compl. ¶¶ 91–152.) Sojern moved to dismiss that claim and, in response, *Plaintiff made the strategic decision to abandon the claim* rather than "test her allegations." Second, Plaintiff implies that the Court invited her to add a section 632 claim. Not so. At the hearing, Plaintiff's counsel, in arguing that Plaintiff's allegations constituted eavesdropping, described eavesdropping as a "recording." (Tr. 37: 16–23.) In response, the Court noted that "there's a different statute that addresses …record[ing.]" (*Id.* 37: 24–25.) Plaintiff's counsel continued to argue that recording could fit into section 631(a), and the Court said, a call "goes to my voicemail, and it records there. And then I go back and I listen to the voicemail. Is that eavesdropping? No, it's different, that's a recording. I think



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that's a different statute." (*Id.* 38: 10–13.) The Court did not invite Plaintiff to add a section 632 claim to her SAC.[1]

Plaintiff argues there has been no undue delay "as the case is in its infancy and the proposed new claims were added in response to the Court's ruling on Sojern's initial motion to dismiss." (Mot. at 1.) That is not the standard for undue delay. Ultimately, the attempted addition of two new claims in the proposed SAC is dilatory and would cause undue delay because neither rely on any facts or theories that were unknown to Plaintiff when she filed her Complaint. As discussed, Plaintiff asserted a section 632 claim in the Complaint but made a strategic decision to drop that claim in the FAC after reviewing Sojern's motion to dismiss. (*Compare* Compl. *with* FAC.) Similarly, Plaintiff could have included the intrusion upon seclusion claim in her FAC because that pleading inserted her nearly identical and duplicative invasion of privacy claim. Indeed, courts often consider invasion of privacy and intrusion upon seclusion claims together under one test. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022).

In short, Plaintiff has been aware of the facts underlying these claims since this action was filed in March 2025. *Acri*, 781 F.2d at 1398. Plaintiff initially alleged a section 632 claim but omitted it from the FAC. Plaintiff also added an invasion of privacy claim to the FAC, but did not add the nearly identical and ultimately superfluous intrusion upon seclusion claim at that time. Plaintiff's attempt to add these claims now meets the standard for "dilatory" and "undue delay," her failure to acknowledge the section 632 claim from the Complaint is in bad faith, and the motion for leave should be accordingly denied.

[1] Additionally, while Plaintiff acknowledges that she did not seek leave to amend prior to filing her SAC, she attempts to excuse this oversight based on the government shutdown. This misstates the sequence of events. The government shut down on October 1, 2025, but the Judiciary did not exhaust its funds until October 20, 2025 and this Court's notice relating to the filing of only essential motions went into effect when the Judiciary lost funding. Plaintiff filed her SAC on October 16, 2025, before funding was exhausted, such that the failure to file a motion for leave to amend in compliance with the Court's dismissal Order was not based on the shutdown or the Court's notice. Plaintiff could have sought leave of Court to add her additional claims, she just failed to do so.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## V. AMENDMENT IS FUTILE.

### A. Plaintiff's Section 632 Claim is Inadequately Pled.

Plaintiff's attempt to add a section 632 claim would be futile because her claims against Sojern fall outside the statute; she cannot allege that any communications were "confidential" and her claims against Sojern are excepted by the statute.

#### 1. The communications were not confidential.

Section 632 prohibits surreptitious "eavesdrop[ping] … or record[ing]" of confidential communications, and excludes "communication[s] made … in any … circumstance in which the parties to the communication may reasonably expect that the communication may be … recorded." Cal. Penal Code § 632. Under this objective standard, Plaintiffs must "allege facts that would lead to the plausible inference that [their communication] was … a communication that [they] had an objectively reasonable expectation was not being recorded." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013).

Courts "presume[e] that Internet communications do not reasonably give rise to that expectation," *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (collecting cases), because internet communications tend to be transmitted in a recorded form. *See People v. Nakai*, 183 Cal. App. 4th 499, 518 (2010) (finding online messages not "confidential"). To overcome this presumption, Plaintiff "must plead unique, definite circumstances rebutting California's presumption against online confidentiality." *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021). Plaintiff has failed to rebut this presumption.

As in her FAC, Plaintiff alleges in the SAC that her communications should be considered confidential because they are "guest records," (SAC ¶ 130), and Sojern collects "guest records" that "identify an individual guest, boarder, occupant, lodger, customer, or invitee, including with [a] unique identifying number." (SAC ¶ 65.) She alleges that "booking information" necessarily falls within the guest records statute, (SAC ¶ 66.), and that that "booking information is inherently private and sensitive." (*Id.* ¶ 69.)



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

However, as this Court has already determined, Plaintiff has not adequately alleged that the records at issue constitute guest records. (*See* Order at 13.) Plaintiff alleges that Sojern collects: "unique identifying numbers associated with Plaintiff Crano…, hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that Plaintiff Crano completed her reservations." (SAC ¶ 4.) These allegations are the same as in her FAC; all she did was add that the unique identifying numbers are "associated with Plaintiff Crano." (*Id.*) The Court previously found that Plaintiff's allegations, including that Sojern collected "unique identifying numbers" were inadequate. (Order at 13.) Her conclusory addition does not rebut the presumption that internet communications are not confidential.

**2. Section 53.5(a) does not apply to Sojern.**

Section 53.5(a) prohibits "an innkeeper, hotelkeeper, motelkeeper, lodginghouse keeper, owner or operator of an inn, hotel, motel, lodginghouse" from disclosing guest records to a third party without a court order. By its plain text, the statute might apply to Hilton as "an innkeeper" but it cannot apply to Sojern. Sojern is therefore not covered under section 53.5(a). Moreover, Hilton and Marriott are expressly permitted to use third-party service providers under section 53.5(f), and Plaintiff does not allege that Sojern "use[d] or share[d] data beyond the terms of [its] contract" with Hilton or Marriott in violation of section 53.5(f).

Further, the statute carves out an exception for the type of use alleged by Plaintiff: it provides that "[t]his section shall not be construed to prevent a private business from providing business records containing a guest's or passenger's name, address, credit card number, or driver's license number … to a third-party service provider that the private business contracts with for business-related services." Cal. Civ. Code § 53.5(i). As Plaintiff acknowledges, hotels like Hilton and Marriott contract with Sojern to help them "identify and advertise to in-market travelers for the purposes of online behavioral advertising and to optimize advertising campaigns across multiple channels and devices." (SAC ¶ 29). This allegation falls squarely within the exception. Private businesses—like Hilton and Marriott—may provide business records containing guest information to a third-party service provider—like Sojern—to assist with the operation of its business. Because the statute explicitly provides for this situation, Plaintiff's



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

argument that the statute transforms otherwise mundane internet communications into something confidential and that she had "an objectively reasonable expectation[] of privacy in [her] communications" fails. (*Id.* ¶ 130.)

**B. Plaintiff's Intrusion Upon Seclusion Claim is Inadequately Pled.**

Plaintiff alleges that Sojern has intruded on her "legally protected privacy interests" by violating CIPA, the ECPA, the Cal. Civil Code § 53.5, and "other California common-laws." (SAC ¶ 189). Each of those claims, however, will rise or fall on their own, were dismissed by the Court in its Order relating to the FAC, Plaintiff is being given the opportunity to amend those claims, and therefore she cannot piggyback on them to justify the inclusion of her intrusion upon seclusion claim. Plaintiff further alleges that that Sojern "intentionally intruded upon [her] solitude or seclusion" by "plac[ing] itself in the middle of a private place, conversation, or matter to which [it] was not authorized" by "intrud[ing] into [Plaitniff's] computing device[] and web-browser[]," "taking [Plaintiff's] personally identifiable information," "secret[ly] monitoring [Plaintiff's] private web browsing," and "surreptitious[ly] recording [her] communications." (SAC ¶ 204, 206–209). Again, this is simply a rehash of her wiretapping claims, which will be addressed in motion practice specific to those claims.

To state a claim for intrusion upon seclusion, a plaintiff must allege "(1) intrusion into a private place, conversation, or matter to which Plaintiffs have a reasonable expectation of privacy (2) in a manner highly offensive to a reasonable person." *Hammerling*, 615 F. Supp. 3d at 1088.

*First*, Plaintiff has failed to allege a reasonable expectation of privacy in her information. As a general matter, "[g]iven the inherent nature of the internet, … consumers do not have a reasonable expectation of privacy over their activity" on public websites. *Thomas*, 2024 WL 2060140, at *2 (collecting cases). "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much." *Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024); *see In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 266 (3d Cir. 2016) ("Most of us understand that what we do on the Internet is not completely private."). As the Court previously found,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff has failed to show she had a legally protected privacy interest in the information she alleges Sojern collected or that this information is sensitive as guest records under the Guest Records Statute, Cal. Civil Code § 53.5. (Order at 14). In her SAC, she again does not address the exception in the Guest Records Statute, Cal. Civil Code § 53.5, which exempts "a private business from providing business records containing a guest's or passenger's name, address, credit card number, or driver's license number … to a third-party service provider that the private business contracts with for business-related services." Cal. Civ. Code § 53.5(i).

*Second*, her claim fails because she cannot allege that Sojern's alleged intrusion was highly offensive to a reasonable person. In determining whether Sojern's actions were highly offensive, the Court considers "factors such as the likelihood of serious harm to the victim, the degree and setting of the intrusion, the intruder's motives and objectives, and whether countervailing interests or social norms render the intrusion inoffensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Courts have found "that data collection and disclosure to third parties that is routine commercial behavior is not a highly offensive intrusion of privacy." *Hammerling*, 615 F. Supp. at 1090 (collecting cases). Indeed, this type of collection is expressly permitted under the CCPA, *see* Civ. Code §§ 1798.100–1798.196, and therefore cannot possibly be "highly offensive to a reasonable person." This claim is not only futile, but it is also the exact same analysis the Court will conduct in assessing Plaintiff's invasion of privacy claim.

## VI. CONCLUSION

For the reasons set forth above, Sojern respectfully requests the Court deny Plaintiff's motion for leave to add two claims.

DATED: December 5, 2025

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: Spencer Persson
Attorneys for Defendant Sojern, Inc.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899