Eric S. Dwoskin (admitted *pro hac vice*)
edwoskin@dwowas.com
**DWOSKIN WASDIN LLP**
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Phone: (561) 849-8060

Robert G. Loewy (SBN 179868)
rloewy@rloewy.com
**LAW OFFICES OF ROBERT G. LOEWY, P.C.**
20 Enterprise, Suite 310
Aliso Viejo, CA 92656
Tel: (949) 468-7150

*Attorneys for Plaintiff and the putative class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SUELLEN CRANO, individually and on behalf of others similarly situated,

*Plaintiff*,

vs.

SOJERN, INC.,

*Defendants*.

Case No. 3:25-cv-2600-JSC

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO ADD TWO CLAIMS**

| | |
|---|---|
| Date: | 1/8/2026 |
| Time: | 10 a.m. |
| Courtroom: | 8 |
| Judge: | Hon. Jacqueline Scott Corley |

Plaintiff Suellen Crano hereby submits her reply in support of her motion for leave to add claims for violation of the California Invasion of Privacy Act ("CIPA"), § 632 and common-law intrusion upon seclusion.

Sojern does not—and cannot—contest that leave to amend under Rule 15 should be granted with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Instead, the primary reason a court might deny a motion for leave is prejudice to the opposing party. *Eminence Cap*, 316 F.3d at 1052. Sojern, however, does not argue that it will suffer any prejudice from the amendment.

Instead, Sojern argues that the amendment creates undue delay, is sought in bad faith, and is, in any event, futile. ECF 54 at 4-8. But Sojern's Opposition provides no support for those assertions, let alone the "strong showing" required to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Cap*, 316 F.3d at 1052. The Court should reject Sojern's arguments.

## I. The New Claims Were Not Added In Bad Faith And Will Not Unduly Delay The Litigation.

Sojern accuses Plaintiff of "dilatory" and "bad faith" conduct. ECF 54 at 4-5. Both of those scurrilous accusations are based on the fact that Plaintiff voluntarily removed a CIPA § 632 claim from the initial complaint, prior to now seeking leave to add such a claim to the Second Amended Complaint. *Id.* That fact comes nowhere near showing that Plaintiff is acting in "bad faith" or attempting to unduly delay the litigation.

Denying a motion for leave to amend on the grounds that the plaintiff is acting in bad faith requires "evidence in the record which would indicate a wrongful

motive." *MJC Am., Ltd. v. Gree Elec. Appliances, Inc. of Zhuhai*, 2014 WL 12614435, at *4 (C.D. Cal. Sept. 3, 2014). A wrongful motive is the intent to "deceive, harass, mislead, delay, or disrupt," *Jordan v. Advanced Med. Revs., LLC*, 2021 WL 1962561, at *3 (C.D. Cal. May 17, 2021), such as, for example, "seeking to add a defendant merely to destroy diversity jurisdiction," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Sojern cites to no evidence that Plaintiff is operating with such a wrongful motive here.

On the contrary, the reason Plaintiff is now seeking to re-add a claim under CIPA § 632 is obvious: the Court dismissed Plaintiff's CIPA § 631 claim for reasons that do not apply to CIPA § 632, *i.e.*, the failure to allege the "in transit" element of a CIPA § 631 claim. In response, Plaintiff did two things: (1) bolstered the "in transit" allegations to support the CIPA § 631 claim; and (2) out of an abundance of caution, added the CIPA § 632 claim. Plaintiff continues to believe that her CIPA claim is best pled under CIPA § 631, but adding an alternative theory in an amendment is a normal and appropriate response to a dismissal order. Sojern either attempted to learn the contents of the communications "in transit" in violation of CIPA § 631 or, at a minimum, recorded those communications for future use in violation of CIPA § 632. Responding to a dismissal order by adding an alternative theory of liability does not merit an accusation of "bad faith," even where, as here, Plaintiff voluntarily chose not to advance the alternative theory prior to receiving the Court's initial Rule 12 opinion. *Cf. Pack v. McCausland*, 300 F. App'x 541, 543 (9th Cir. 2008) ("We have never held, however, that, at the district court level, a plaintiff who omits previously dismissed claims from an amended complaint waives his right to re-allege these claims in *further amendments.*") (emphasis in original); *United States ex rel. Dunlap v. Alaska Radiology Assocs., Inc.*, 2017 WL 11684935, at *2 (D. Alaska Mar. 28, 2017) (similar). Moreover, several cases in this district sustained

CIPA § 632 claims on similar facts *after* Plaintiff filed the First Amended Complaint. *See Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302, at *15 (N.D. Cal. July 22, 2025); *Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *8 (N.D. Cal. Aug. 11, 2025).

Sojern's argument that the Court did not "invite" Plaintiff to add a CIPA § 632 at the motion to dismiss hearing (ECF 54 at 4) is beside the point. Plaintiff's counsel did, in fact, understand the Court to suggest at that hearing that this case may be better pled under a recording theory, and that understanding informed the decision to re-add the CIPA § 632 claim to the case. But Rule 15 does not require a judicial "invitation" to add a claim. Rather, amendments are liberally allowed absent prejudice to the opposing party, and there is no prejudice to Sojern here. Thus, even if, as Sojern argues, Plaintiff misinterpreted the Court at the hearing, there remains no evidence of "bad faith" or "wrongful motive" that could support denying Plaintiff's motion.

Once Sojern's "bad faith" assertion is put to the side, its related "undue delay" argument is easily dispensed with. As an initial matter, undue delay is, by itself, "insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see also DCD Programs*, 833 F.2d at 186. In any event, Sojern's argument—that Plaintiff "has been aware of the facts underlying these [two new] claims since this action was filed in March 2025" (ECF 54 at 5)—does not merit a finding of undue delay here. While consideration of a delay may, as Sojern argues, start when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading," the delay is undue only when "permitting an amendment would ... produce an undue delay in the litigation." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Sojern does not argue that granting leave will delay the litigation or change

an operative trial schedule. Nor could it. There is no current schedule, no discovery has been taken, and the litigation will proceed at the same pace with or without the claims. Thus, Plaintiff's alleged "delay" in adding the claims to the operative complaint cannot have caused an *undue delay in the litigation.*

"The purpose of the litigation process is to vindicate meritorious claims." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). "Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Id.* These principles weigh heavily in favor of allowing the new claims here. The proposed new claims are, at a minimum, potentially valid. There is a process for testing those claims under Rules 12 and 56. Courts liberally allow amendments precisely so that litigants can test their claims under those Rules in the ordinary course of litigation. There is no reason to deviate from that liberal policy of amendment here.

## II. The Two New Claims Are Not Futile

Sojern argues that Plaintiff's motion should be denied on futility grounds because Plaintiff's allegations are insufficient to state either of the two new claims. ECF 54 at 6-9. This argument should be rejected for two separate and independent reasons.

First, and most importantly, Sojern's futility argument is a premature merits attack that must be brought later under Rule 12, not now under Rule 15. "[T]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016). At the Rule 15 stage, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper *subject of relief*,

[s]he ought to be afforded an opportunity to test h[er] claim on the merits." *Id.* (emphasis added; internal citations omitted). "Accordingly, denial of a motion for leave to amend on the basis of futility is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (internal citations and quotations omitted).

Second, and in any event, Sojern is wrong about the merits.

**A. The CIPA § 632 Claim Is Plausible**

**i. The Communications Were Confidential**

Sojern argues that the intercepted communications were not "confidential" because Sojern's interception was not unlawful under the Guest Records Statute. But even assuming, for the sake of the argument, that Sojern is correct about the Guest Records Statute, "confidentiality" under CIPA § 632 does not require a violation of that (or any other) statute. Rather, confidentiality under CIPA § 632 "requires 'nothing more than the existence of a reasonable expectation by one of the parties that no one is listening in or overhearing the conversation.'" *Mirkarimi v. Nevada Prop. 1 LLC*, 2013 WL 3761530, at *2 (S.D. Cal. July 15, 2013) (quoting *Flanagan v. Flanagan*, 27 Cal. 4th 766, 772-73 (2002)). And Plaintiff alleges numerous reasons why consumers had a reasonable expectation of privacy in the intercepted room reservation information, whether or not the interceptions also violated the Guest Records Statute.

- Hotel booking details are inherently sensitive, as they disclose where individuals will be (and not be) and who they are traveling with. ECF 44 ¶ 61.
- The hotels in question told consumers that they did *not* share room reservation details with third parties, like Sojern. ECF 44 ¶ 68.

- The California legislature has expressly recognized that hotel booking information is sensitive and that consumers expect it to remain confidential. ECF 44 ¶ 62.

Rather than addressing these points, Sojern broadly argues that all internet-based communications are non-confidential. ECF 54 at 6. But "[n]othing in Section 632 ties confidentiality to the mode in which a conversation is recorded." *Brown v. Google LLC*, 685 F. Supp. 3d 909, 937 (N.D. Cal. 2023). And, as courts have held, the argument that internet communications are presumptively non-confidential "fails on examination." *Id.* (distinguishing *Rodriguez v. Google LLC,* No. 20-CV-04688-RS, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021)). That is because "[t]he scattering of state and federal cases (none from the California Supreme Court) considering various communications on a case-by-case basis do not establish that California law *presumes* the non-confidentiality of all online communication." *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1199 (N.D. Cal. 2024) (emphasis in original). Thus, "[t]hat [] communications occurred over the internet does not automatically mean that plaintiffs gave up th[e] expectation of privacy[.] … Times change, as do modes of communication." *Brown*, 685 F. Supp. 3d at 939.

**ii. Sojern Aided and Abetted the Section 53.5(a) Violations by the Hotels**

Sojern's argument that Section 53.5(a) "does not apply to Sojern" does not advance its futility argument, as Plaintiff alleges that Sojern violated CIPA § 632, and intruded upon her seclusion, whether or not Sojern's conduct also violated the Guest Records Statute. That said, the Second Amended Complaint *does* allege that Sojern aided and abetted the hotel's violations of Section 53.5(a). ECF 44 ¶¶ 139, 181, 191v; *Vera v. O'Keefe*, 791 F. Supp. 2d 959, 965 (S.D. Cal. 2011); *Vaccaro v. Altais*, 2023 WL 7003211, at *5 (C.D. Cal. Oct. 23, 2023). Plaintiff alleges the facts

to support aiding and abetting liability in Paragraph 139, and similar facts were held to be sufficient to establish such liability in *Mata v. Zillow Grp., Inc.*, 2024 WL 5161955, at *6–7 (S.D. Cal. Dec. 18, 2024). Accordingly, Sojern's argument that it is not a hotel under Section 53.5(a) is beside the point, as Plaintiff's limited reliance on the Guest Records Statute (as *e.g.*, one of many alternative bases for a reasonable expectation of privacy) does not require Sojern to directly violate the statute.

Moreover, Sojern argues that "Plaintiff does not allege that Sojern used or shared data beyond the terms of its contract with Hilton or Marriott in violation of section 53.5(f)." ECF 54 at 11 (cleaned up). There are at least three problems with this argument. *First*, section 53.5(f) is in the nature of an affirmative defense to a violation of 53.5(a), and Plaintiff does not need to plead around an affirmative defense. *Second*, whatever contracts are at issue between Sojern and the hotels in its network are not at issue on the pleadings. And, *third*, Plaintiff's allegations are sufficient to support an inference that Sojern cannot fit into the definition of third-party service provider under section 53.5(f) because Plaintiff pleads it has an independent right to use the data it collects. Cal. Civ. Code § 53.5(f); and (b); ECF 44, ¶¶ 35-42.

All of that said, these issues (and sub-issues) are complicated and deep into the merits. This is a routine motion under Rule 15. It should not be denied on futility grounds because Sojern might have an affirmative defense that undermines one of several alternative theories advanced by Plaintiff. The parties should instead brief these issues under Rule 12 in the ordinary course. *See Khanna v. Walia*, No. 24-CV-03716-JSC, 2025 WL 2521734, at *3 (N.D. Cal. Sept. 2, 2025) (complicated legal issues grounds to grant leave).

**B. The Intrusion Upon Seclusion Claim is Plausible**

This Court recently sustained an intrusion upon seclusion claim in *Daniel Pemberton v. Restaurant Brands International, Inc. & Restaurant Brands International US Services LLC*, 2025 WL 3268404, at *4 (N.D. Cal. Nov. 24, 2025). Plaintiff has an objectively reasonable expectation of privacy in her hotel room reservation details for similar reasons, including, as discussed above, that it is inherently sensitive information that the hotels promise not to share with third parties, like Sojern. *Id.*; *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020); ECF 44 ¶¶ 61-62, 68. Disclosure of the information is highly offensive, as evidenced by both the hotels' promises to protect the information and the findings of the California legislature that led to the passage of the Guest Records Statute. ECF 44 ¶¶ 62, 68; *Pemberton*, 2025 WL 3268404, at *5. Sojern's argument to the contrary relies on *Hammerling* but that case supports Plaintiff's position. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1089-90 (N.D. Cal. 2022) (holding data collection contradicting reasonable interpretation of a company's statements "plausibly defies social norms"). In any event, even at Rule 12, it is premature to dismiss a claim "based on a determination of how offensive or serious the privacy intrusion is," which applies with even greater force at Rule 15. *Pemberton*, 2025 WL 3268404, at *5.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff asks the Court grant her motion to add a claim under CIPA § 632 and for intrusion upon seclusion.

Dated this 11th day of December 2025.

DWOSKIN WASDIN LLP

*/s/ Eric S. Dwoskin*

Eric S. Dwoskin (admitted *pro hac vice*)

*Attorneys for Plaintiff and the Putative Class*

**E-FILING ATTESTATION**

I, Eric S. Dwoskin, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Eric S. Dwoskin*
Eric S. Dwoskin