SPENCER PERSSON (State Bar No. 235054)
spencerpersson@dwt.com
MONICA GIBBONS (State Bar No. 348888)
monicagibbons@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
SOJERN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUELLEN CRANO, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SOJERN, INC.,<br><br>Defendant. | Case No. 3:25-cv-2600-JSC<br><br>**DEFENDANT SOJERN, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DATE: March 19, 2026<br>TIME: 10:00 a.m.<br>CTRM: 8, 19th Floor<br><br>Action Filed: March 17, 2025<br>SAC Filed: October 16, 2025 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1

II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER RULE 12(b)(6) ........ 1

A. Plaintiff's CIPA Claims Fail. ........ 1

1. The Rule of Lenity Precludes Reading CIPA as Applying to the Conduct at Issue Here. ........ 1

2. Both CIPA Claims Fail Because They Fall Outside the Statute of Limitations. ........ 3

3. Plaintiff's Section 631(a) Claim Fails. ........ 5

4. Plaintiff's Section 632 Claim Fails Because Her Communications Were Not Confidential. ........ 8

B. Plaintiff's UCL Claim Fails. ........ 11

C. Plaintiff's Unjust Enrichment Claim Fails. ........ 12

D. Plaintiff's Invasion of Privacy and Intrusion Upon Seclusion Claims Fail. ........ 13

E. Plaintiff's ECPA Claim Fails for the Same Reasons as Her CIPA Claims ........ 14

F. Equitable Remedies Are Unavailable to Plaintiff. ........ 14

III. CONCLUSION ........ 15



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**CASES**

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015) .......... 12

*Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075 (S.D. Cal. 2023) .......... 4

*Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024 (N.D. Cal. 2019) .......... 12

*Belyea v. GreenSky, Inc.*, 2023 WL 8701311 (N.D. Cal. Dec. 15, 2023) .......... 14

*Briskin v. Shopify Inc.*, 2026 WL 161441 (N.D. Cal. Jan. 21, 2026) .......... 7

*Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 3

*Brown v. Google LLC*, 685 F. Supp. 3d 909 (N.D. Cal. 2023) .......... 10

*Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020 (C.D. Cal. 2023) .......... 6

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. 2024) .......... 5

*Coleman v. Kohl's Dep't Stores, Inc.*, 2015 WL 5782352 (N.D. Cal. Oct. 5, 2015) .......... 4

*D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) .......... 6

*de Ayora v. Inspire Brands, Inc.*, 2025 WL 3707561 (N.D. Cal. Dec. 22, 2025) .......... 5

*Doe v. Eating Recovery Ctr., LLC*, 806 F. Supp. 3d 1109 (N.D. Cal. Oct 17, 2025) .......... 1, 6, 7, 8

*Doe v. FullStory, Inc.*, 712 F. Supp. 3d 1244 .......... 4

*Graham v. Cent. Garden & Pet Co.*, 2023 WL 2744391 (N.D. Cal. Mar. 30, 2023) .......... 14

*Graham v. Wells Fargo Bank, N.A.*, 2017 WL 86013 (N.D. Cal. Jan. 10, 2017) .......... 11



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 12

*In re Apple Processor Litig.*,
2023 WL 5950622 (9th Cir. Sept. 13, 2023) .......... 14

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 10, 14

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) .......... 4

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 12

*King v. Hard Rock Cafe Int'l (USA), Inc.*,
2025 WL 1635419 (E.D. Cal. June 9, 2025) .......... 10

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) .......... 8

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025) .......... 3, 7, 13

*Mata v. Zillow Grp., Inc.*
2024 WL 5161955 (S.D. Cal. Dec. 18, 2024). (Opp'n .) .......... 9

*MH Pillars Ltd. v. Realini*,
277 F. Supp. 3d 1077 (N.D. Cal. 2017) .......... 12

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) .......... 2, 3

*R.C. v. Sussex Publishers, LLC*,
2025 WL 948060 (N.D. Cal. Mar. 28, 2025) (Corley, J.) .......... 7, 13

*R.C. v. Sussex Publishers, LLC*,
2026 WL 266450 (N.D. Cal. Feb. 2, 2026) .......... 2

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) .......... 8

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 3

*Rusow v. SkinSpirit Essential LLC, et al.*,
2026 WL 453476 (N.D. Cal. Feb. 18, 2026) .......... 3, 4, 5

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) .......... 4, 5



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Selby v. Sovrn Holdings, Inc.*,
2025 WL 2950164 (N.D. Cal. Oct. 17, 2025) .......... 14

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) .......... 2

*Snyder v. G6 Hosp. LLC*,
2025 WL 2426613 (C.D. Cal. Aug. 18, 2025) .......... 11, 13

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 13

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .......... 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) .......... 5

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) .......... 6

*Yockey v. Salesforce, Inc.*,
745 F. Supp. 3d 945 (N.D. Cal. 2024) .......... 10

**STATUTES**

Cal. Civ. Code
§ 53.5(i) .......... 9
§ 53.5(a) .......... 9
§ 53.5(f) .......... 9
§ 1798.140(v)(1)(A) .......... 1
§ 1798.150(b) .......... 1, 2
§ 1798.150(c) .......... 1, 2
§ 1798.175 .......... 3

Cal. Penal Code
§ 631 .......... 4
§ 631(a) .......... passim
§ 632 .......... 7, 8, 9, 11
§ 632(d) .......... 10, 11

**RULES**

Fed. R. Civ. P. 12(b)(6) .......... 1



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# I. INTRODUCTION

This is the third time that Plaintiff has attempted to state a plausible claim for relief—the fourth time if you consider the nearly identical lawsuit filed against Hilton that Plaintiff dismissed voluntarily. Through this lawsuit, Plaintiff attempts to stretch (1) a wiretapping law to prohibit internet activity the legislature has expressly permitted, and (2) a law that applies only to hotels to cover an internet service provider. Both theories fail as a matter of statutory interpretation and as a matter of common sense. These claims should be dismissed without leave to amend.

# II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER RULE 12(B)(6).

## A. Plaintiff's CIPA Claims Fail.

### 1. The Rule of Lenity Precludes Reading CIPA as Applying to the Conduct at Issue Here.

"[T]here is reason to question whether the Legislature intended for CIPA to apply" to the conduct at issue here in light of the CCPA, which "more clearly speak[s] to the process of data sharing." *Doe v. Eating Recovery Ctr., LLC*, 806 F. Supp. 3d 1109, 1118–19 (N.D. Cal. Oct 17, 2025). Indeed, applying CIPA to advertising pixels requires this Court to ignore that:

- The California legislature passed the CCPA to serve as California's omnibus online privacy bill and determined that, under the CCPA, pixels and cookies were permissible so long as consumers were given the ability to opt-out and request deletion (Cal. Civ. Code, §§ 1798.140(v)(1)(A) (defining "personal information" and providing parameters for sale and sharing of consumer information), 1798.100 (permitting collection and sharing of personal information), 1798.130 (detailing disclosure requirements));
- The CCPA does not allow for a private right of action except in data breach matters where the defendant failed to implement reasonable security measures. (Cal. Civ. Code § 1798.150(b), (c).) Rather, the AG and CalPrivacy have exclusive enforcement authority and consumers are directed to report violations to those bodies (*See* https://privacy.ca.gov/submit-a-complaint/ccpa-complaints);



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

- Even in the rare instance that the CCPA permits a private right of action, consumers must give businesses 30 days to cure (Cal. Civ. Code § 1798.150(b), (c)); and,
- Businesses were given five years to comply with the CCPA.

For Plaintiff's CIPA claims to move forward, this Court must find that the California Legislature intended the provisions of CIPA, a criminal wiretapping statute enacted in 1967 which pre-dates the CCPA by more than 50 years, to impose an entirely contradictory opt-in regime that has no cure provision; gives businesses no time to comply; and allows lawyers from across the country to evade the CCPA's limitations on private rights of action through the filing of thousands of gotcha lawsuits. *R.C. v. Sussex Publishers, LLC*, 2026 WL 266450, at *3 (N.D. Cal. Feb. 2, 2026) ("The 'fundamental task' for courts interpreting California law 'is to determine the Legislature's intent so as to effectuate the law's purpose.'") (quoting *Smith v. LoanMe, Inc*., 11 Cal. 5th 183, 190 (2021)). Plaintiff argues that her wiretapping and privacy claims are complementary to the CCPA (citing *Mirmalek v. Los Angeles Times Commc'ns LLC*, 2024 WL 5102709, at *5 (N.D. Cal. Dec. 12, 2024)), but, as interpreted by Plaintiff, CIPA and the CCPA are not complementary, they are contradictory. The former allegedly requires opt-in consent, while the latter unquestionably permits businesses to use cookies so long as consumers can opt-out of that use. This is a contradiction, not a complement, and, to the extent that this Court thinks that CIPA could be construed to apply to advertising cookies, the language that might permit that construction is at best ambiguous. While CIPA likely could apply to the unauthorized monitoring or recording of a Vonage telephone conversation or a Zoom teleconference, the two laws simply cannot be reconciled if the vague and ambiguous language under CIPA relating to a "machine, instrument, or contrivance" (Cal. Penal Code § 631(a)) is stretched beyond recognition to apply to computer code such as pixels and cookies rather than devices that capture contents of substantive communications. The rule of lenity prohibits this Court from liberally construing a criminal statute like CIPA in this manner.

Plaintiff's Opposition argues that Sojern fails to identify any ambiguity in CIPA, and therefore, the Court cannot apply the rule of lenity. (Opp'n at 3.) But the contradiction contained in the two statutes' diametrically opposed opt-in and opt-out regimes *is* the ambiguity. None of



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the words in CIPA (including "machine, instrument, or contrivance") show that it applies to internet conduct permitted under the CCPA. The authority relied on by Plaintiff did not grapple with this fundamental contradiction. *Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *13 (C.D. Cal. Dec. 4, 2025) (rule of lenity analysis did not address contradiction between plaintiff's CIPA interpretation and the CCPA); *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1094 (N.D. Cal. 2025) (same). Only *Mirmalek* purported to address this conflict, but there the Court simply found that the "CCPA does not preempt CIPA" while recognizing that other privacy statutes can be "harmonized" with the CCPA under section 1798.175. But the issue is not one of preemption. It is one of plausible statutory interpretation, and there is simply no plausible way to reconcile Plaintiff's construction of CIPA with the CCPA, which permits the collection and disclosure of the information at issue, has no applicable private right of action, and allows businesses time to comply and cure.

**2. Both CIPA Claims Fail Because They Fall Outside the Statute of Limitations.**

As explained in the Motion, Plaintiff's claims are barred by the statute of limitations because "the applicable statute of limitations [for CIPA claims] is one year." *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). Plaintiff alleges that she accessed Marriott's website to search for and book hotel rooms "on or around August 2, 2023." (SAC ¶ 4.) Plaintiff first asserted claims related to the Marriott website in her First Amended Complaint filed on June 5, 2025. (FAC, ECF No. 19.) Plaintiff has been a Hilton Honors member since 1995 and alleges that she has booked multiple hotel rooms with Hilton over time, including on April 4, 2024. (SAC ¶ 4; RJN Ex. A ¶ 17; Ex. B at 2). The original complaint was filed on March 17, 2025.

Courts routinely reject application of the delayed discovery rule to allegations similar to those in the SAC. *See Rusow v. SkinSpirit Essential LLC, et al.*, 2026 WL 453476, at *1 (N.D. Cal. Feb. 18, 2026). Plaintiff was necessarily put on inquiry notice of Sojern's alleged conduct as a Hilton Honors member and Marriott Bonvoy member when she became a member and again when she booked rooms through their websites. Both the Marriott and Hilton Global Privacy Statements, which Plaintiff necessarily acknowledged as a Marriott Bonvoy and Hilton Honors



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

member, disclose that the hotels "use third-party advertising companies" that "place or recognize a unique cookie on [a user's browser]." (Marriott Privacy Statement, RJN Ex. D at 8; *see* RJN Ex. C at 18, 28; Hilton Global Privacy Statement last updated Aug. 12, 2020, RJN Ex. H at 17.) These privacy policies put Plaintiff on inquiry notice of a possible third-party (Sojern) who "would have been another potential cause[] of [her] injury." *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 902 (N.D. Cal. 2023). Thus, Plaintiff was on inquiry notice of Marriott's use of advertising cookies since at least August 2, 2023, more than one year before the complaint's March 17, 2025 filing date. The alleged violation related to Hilton's use of advertising cookies relies on artful pleading and should be rejected by this Court given this is the third complaint in this matter and still Plaintiff fails to allege her booking history with Hilton, which extends back to 1995 and certainly pre-dated the April 4, 2024 booking.

Rather than addressing Sojern's arguments, Plaintiff concludes without justification that this issue cannot be decided at the motion to dismiss stage. Each of Plaintiff's cases are distinguishable. *See Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075, 1082 (S.D. Cal. 2023) (no privacy policy disclosing conduct); *Doe v. FullStory, Inc.*, 712 F. Supp. 3d 1244, 1255 (privacy policy did not disclose personal health information would be shared); *Coleman v. Kohl's Dep't Stores, Inc.*, 2015 WL 5782352, at *4 (N.D. Cal. Oct. 5, 2015) (not a CIPA case and the court had no facts in front of it to determine when the alleged violation occurred). This Court is well within its right to dismiss based on the running of the limitations period. *See Rusow*, 2026 WL 453476, at *1 (deciding statute of limitations issue at motion to dismiss phase in CIPA section 631 cases); *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at *10 (C.D. Cal. Feb. 27, 2025) (same); *Javier*, 649 F. Supp. 3d at 901 (same).

Recognizing that her allegations and the discovery rule require dismissal based on the statute of limitations, Plaintiff argues that even if her claims are untimely, she "would nevertheless have timely claims based on Sojern's conduct during the limitations period." (Opp'n at 5.) Not so. Plaintiff does not get the benefit of later wiretapping violations once she knew of the hotels' practices. Indeed, to get the benefit of the delayed discovery rule, Plaintiff "must allege that she ***first saw*** … ads [based on her interactions with the hotel websites] within one year of her





DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

complaint." *Rusow*, 2026 WL 453476, at *1 (rejecting delayed discovery rule where plaintiff alleged that "due to the surreptitious nature of the interceptions, it was impossible for her to discern the causal link between those ads and [d]efendant's unlawful disclosures," and that she "could not have known … until consulting" with counsel) (emphasis added); *see Saedi*, 2025 WL 1141168, at *10 (delayed discovery doctrine unavailable because plaintiff "surely had inquiry notice when she began seeing ads"). Moreover, Plaintiff's ongoing violations argument runs counter to the allegations in the SAC, where Plaintiff is clear that she stopped booking with Hilton and Marriott after discovering the use of cookies and pixels, alleging that she cannot currently redeem her Hilton and Marriott points as long as the websites continue to use cookies and pixels. (SAC ¶ 4.)

**3. Plaintiff's Section 631(a) Claim Fails.**

The Court previously found that Plaintiff failed to plausibly allege a violation of § 631(a), clause two, because "she [did] not plausibly allege[] Sojern intercepted the communication while it was *in transit*" and her "allegation d[id] not plausibly support an inference her communications were read while in transit." (Order at 11–12.) Plaintiff did not cure these fatal flaws in the SAC.

***Intercepted while in transit.*** In her opposition, Plaintiff argues she adequately alleges that Sojern intercepted her communications while in transit because she alleges: Sojern "intercepts the[] communications at their point of origin … contemporaneously as the guest is communicating with Hilton and Marriot;" the interception occurs "in real time" and "while the user is actively communicating with the website" and, Sojern's employee, in an interview, stated that Sojern "combine[s] real intent data with booking data in real time." (Opp'n at 7.) But, just as in her FAC, Plaintiff fails to explain how or when the interception occurs, which is insufficient to state a claim under section 631(a). *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) (finding allegations that code allowed third party to intercept in real time too conclusory to survive); *de Ayora v. Inspire Brands, Inc.*, 2025 WL 3707561, at *7 (N.D. Cal. Dec. 22, 2025) (plaintiffs' allegations that interception occurs in real time insufficient where complaint failed to include "a description of how the software works or how the interception occurs"); *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024) (same). The authority relied on by Plaintiff is distinguishable; each case involved chat services where the interactions were directly



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

provided by third parties. *D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793, at *8 (S.D. Cal. Oct. 24, 2023) (plaintiffs alleged that a third party operated a chat service plugged into defendant's website and that "each message sent by a user [was] *first* routed through [the third-party's] server" where the third party "analyze[d], interpret[ed], before it reached its intended destination"); *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) (chat service case serviced by third party); *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 978 (C.D. Cal. 2023) (chat service case serviced by third party and which included details about how real time interception occurred). Here, Plaintiff has previously acknowledged that her communications were later re-directed or transmitted to Sojern (FAC ¶ 25; Order, ECF No. 42 at 12), and she has provides no facts showing that statement was false or that an interception occurred in transit.

***Read or learned while in transit.*** Plaintiff alleges that the Sojern Tracking Pixel "automatically collects personal information from guests' computers when the guest is visiting hotel's websites and transmits that information to Sojern." (SAC ¶ 32.) Once the information is transmitted to Sojern's servers, "the communications … are recorded, stored, and processed for Sojern's business purposes." (*Id.*; *see id.* ¶ 27 ("To be clear, the tracking technology starts collecting the communications at the point of origin … [a]nd once it arrives at Sojern's servers it is recorded and stored for later use by Sojern.")). But Plaintiff must allege facts that show Sojern read, attempted to read, or learned while in transit; not after Plaintiff reached her intended destination, the communications were then transferred to Sojern's servers, and Sojern finally read those communications. In her opposition, without citing any authority, Plaintiff argues that "where, as here, the interception occurred within clause two's temporal scope, so too did the 'learning.'" (Opp'n at 9.) But Plaintiff's interpretation would require this Court to ignore the plain language of the statute and read the "in transit" requirement out of the statute entirely.

In *Doe v. Eating Recovery Ctr., LLC*, the Court analyzed this exact legal issue and did so based on the statutory language rather than based on any facts obtained in discovery. The Court considered whether the plain language of the statute requires "the communication to be actually read or learned while in transit" or if "it is enough to intercept the communication with the intent to learn its contents later." 806 F. Supp. 3d 1109, 1118–19 (N.D. Cal. Oct 17, 2025). The Court



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

found "the better conclusion is that you must do something more than just intercept the communication while it is in transit to be held liable," particularly because CIPA section 632 "makes it unlawful … to intercept[] the contents of a communication and record[] those contents." *Id.* at 1118. Ultimately, if section 631(a) did not require more than a mere interception, section 631(a) and section 632 would cover the same conduct, "at least as applied to th[is] type of internet communication." *Id.* Indeed, this Court and other courts have rejected Plaintiff's argument, and found that plaintiffs must allege both that the communication was intercepted and that it was read or learned in transit to state a claim for section 631(a), including at the motion to dismiss stage. *See, e.g.*, *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *7 (N.D. Cal. Mar. 28, 2025) (Corley, J.) (allegations insufficient at motion to dismiss stage where plaintiff alleged defendant "receive[d] information as it [was] being transmitted" but "d[id] not plausibly allege [defendant] view[ed] or read[] the information while in transit"); *Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025) (finding a plaintiff must "do something more than just intercept the contents of a communication" to allege that a defendant read, attempted to read, or learned the contents or meaning of a communication at motion to dismiss); *Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *5 (N.D. Cal. Apr. 17, 2025) ("Even if TrustedForm software intercepts the contents of Plaintiffs' communications in real time and stores the recording on an ActiveProspect server that ActiveProspect employees can access, nothing in the record plausibly indicates that ActiveProspect reads or attempts to read the contents of the communication *while they are in transit*." (emphasis in original)).[1]

Here, Plaintiff's allegations show that the communications are processed *after* they are stored in Sojern's servers and do not support an inference that the information was read in transit. *See, e.g.*, *R.C.*, 2025 WL 948060, at *7 (allegations that "information is sent 'to Google for processing' and later, '[o]nce Google Analytics receives, views, reads, and processes the data, it aggregates and organizes the data based on particular criteria" did not "support a plausible inference Google reads the information 'while the same is in transit'"); *Briskin v. Shopify Inc.*,

[1] Each of these cases analyze "read" and "attempt to read" in concert. Plaintiff's argument that Sojern has waived an argument relating to "attempting to read" is non-sensical, and none of the paragraphs in the SAC cited by Plaintiff discuss this in the disjunctive.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2026 WL 161441 at *7 (N.D. Cal. Jan. 21, 2026) (allegation that "data is encrypted and sent to Shopify's servers, and only read/analyzed after it ha[d] been received by Shopify" insufficient to allege contents of communications were read in transit).

She further argues that her allegation that "the tracking technology reads the entire contents of the communications with the hotels in real time and is configured to collect specific aspects of the communication that are relevant to Sojern's business" shows that Sojern read or learned the communications in transit. (Opp'n at 10.) Again, this is a conclusory allegation without factual support. *See L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *16 (N.D. Cal. Oct. 10, 2025) (conclusory allegation that defendant "'read, or attempted to read, or learn the contents of [their] communications to [the websites]' are conclusory recitations of an element of the Clause-Two claim, so they are not entitled to a presumption of truth."). Plaintiff must plead more.[2]

**4. Plaintiff's Section 632 Claim Fails Because Her Communications Were Not Confidential.**

Plaintiff fails to allege a section 632 claim because she fails to show that any communications were confidential. (*See* Mot. at 11–14.) Specifically, Plaintiff has failed to allege that the communications fall under the Guest Records statute or otherwise show the information is sensitive.

Plaintiff argues Sojern collects sensitive information including: "unique identifying numbers associated with Plaintiff Crano…, hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that Plaintiff Crano completed her reservations." (SAC ¶ 4, 65.) In her Opposition, Plaintiff argues that consumers had a reasonable expectation of privacy in the information she alleged was collected here, whether or not the

[2] Plaintiff's contention that cases "hold[ing] something more than an interception is *always* required to show that the communication was 'read' or 'learned'" conflict with *Ribas v. Clark*, 38 Cal. 3d 355 (1985) is misplaced. She alleges that because *Ribas* held that a person eavesdropping on a phone conversation constituted a violation of section 631(a), a court cannot require a plaintiff to plead that the communication was read or learned in transit. (Opp'n at 10.) But an analysis of whether ***a person*** learned something from a phone conversation was not required; courts understand how a person learns information when eavesdropping and hearing spoken words. This element must be alleged to the extent internet browsing activity is somehow construed to fall under the statute because "the statute was not drafted with the internet in mind." *Eating Recovery*, 806 F. Supp. 3d at 1115.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

information was covered under the Guest Records statute, because the information is sensitive and the hotels "disclaimed they would share the information with third parties." (*See* Opp'n at 13–18.)

First, Plaintiff fails to explain how the Guest Records statute could apply to Sojern or the conduct at issue here. (*See* Mot. at 12.) Section 53.5(a) prohibits "an innkeeper, hotelkeeper, motelkeeper, lodginghouse keeper, owner or operator of an inn, hotel, motel, lodginghouse" from disclosing guest records to a third party without a court order. By its plain text, the statute might apply to Hilton or Marriott as "an innkeeper," but it cannot apply to Sojern. Sojern is therefore not covered under section 53.5(a) and the statute cannot impose a confidentiality requirement on Sojern. In her Opposition, Plaintiff argues that the statute applies to Sojern because it "aided and abetted the hotels' violations," citing *Mata v. Zillow Grp., Inc.* 2024 WL 5161955, at *6 (S.D. Cal. Dec. 18, 2024). (Opp'n at 16.) But *Mata* is inapplicable; *Mata* contemplates aiding and abetting under CIPA section 631(a), which is specifically provided for in the statute. *See id.* at *6. Section 632 does not include an aiding and abetting provision. As such, *Mata* does not discuss section 632 or the Guest Records statute and does not support Plaintiff's claim that Sojern can vicariously violate section 632 as a service provider. *Id.* Moreover, the conduct at issue here is excepted under section 53.5(f), which allows hotels to share information with third-party service providers. Plaintiff argues that Sojern is not a third-party service provider under the statute because service providers "ha[ve] no independent right to use or share the data beyond the terms of the contract." (Opp'n at 17; Cal. Civ. Code § 53.5(i).) But Plaintiff does not allege that Sojern acted beyond the terms of its contracts with Hilton or Marriott; instead, Plaintiff alleges that Hilton and Marriott contract with Sojern to help them "identify and advertise to in-market travelers for the purposes of online behavioral advertising and to optimize advertising campaigns across multiple channels and devices." (SAC ¶ 29.) With this allegation, Plaintiff concedes Sojern's service provider status.

Second, even if it could apply to Sojern, Plaintiff fails to allege the information purportedly collected qualifies as "guest records" under the Guest Records statute. In her opposition, Plaintiff argues that she cured the deficiency identified by the Court by adding that Sojern intercepted "unique identifying numbers." (Opp'n at 17.) Plaintiff does not allege what "unique identifying number" was allegedly collected *from her* through her interactions with the hotel websites. Again,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

this is a conclusory allegation that would be insufficient even if the claim were asserted against a hotel or innkeeper. *King v. Hard Rock Cafe Int'l (USA), Inc.*, 2025 WL 1635419, at *6 (E.D. Cal. June 9, 2025) (finding plaintiff failed to allege communications were confidential or guest records where she only alleged that she visited the website "several times" to "browse and book a Hard Rock hotel" but did not "describe her browsing activity, such as the webpages she viewed, what buttons she clicked, what search terms she used, what destinations she searched for, … what her desired dates of travel were" or "the hotels she allegedly booked."). Plaintiff further requests that the Court accept the "plausible inference" that the "unique identifying number" constitutes sensitive information under the Guest Records statute, arguing that such an inference "must be drawn in Plaintiff's favor." Plaintiff is incorrect; any inference must be drawn in Sojern's favor because Plaintiff is seeking to enforce CIPA, a criminal statute.

Third, Plaintiff fails to provide any authority that would support any captured information is sensitive outside the context of the Guest Records statute. Indeed, the cases relied on by Plaintiff all dealt with medical information or financial information protected by privacy statutes that, unlike here, could actually apply to the defendant. *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022) (reasonable expectation of privacy in personal medical information, which is protected by federal law); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 936 (N.D. Cal. 2023) (denying summary judgment where fact issues remained as to whether all parties consented to Google recording conversations on Incognito mode); *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 955 (N.D. Cal. 2024) (reasonable expectation of privacy in prescription history, medical conditions, and insurance information).

Finally, Plaintiff had to "reasonably expect that" her "communication[s]" with Hilton and Marriott "may be overheard or recorded" under section 632(d) because both companies told her so in their privacy statements. Contrary to Plaintiff's allegations, both the Hilton and Marriott Global Privacy Statements explicitly disclose their use of third-party advertising partners, like Sojern. (*See* RJN Ex. C at 18, 28; RJN Ex. H at 17; RJN Ex. D at 8.) Indeed, the Hilton Global Privacy Statement, at the time Plaintiff allegedly booked her room, explicitly provided that it disclosed "information regarding a customer's interaction with Hilton websites, applications, or



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

websites" to third parties (RJN Ex. C at 9) and that the site "may use 'Cookies' … [to] allow [Hilton] to obtain information about your visits to the site, including to analyze your visiting patterns," and "use this information to process your reservations or requests and to deliver online and mobile advertisements." (RJN Ex. C at 19.) The Marriott Global Privacy Statement also contains numerous references to cookies and explains that Marriott "disclose[s] Personal Data and Other Data to third-party service providers, including, for example, companies that provide … marketing" services; Marriott's definition of "Personal Data" includes "[t]ravel itinerary" and "prior guest stays or interactions" and "Other Data" includes "cookies and other identifiers." (RJN Ex. D at 18.) A reasonable user would have thus understood Hilton and Marriott's data collection and disclosure practices such that the information cannot be considered a "confidential communication" as defined by section 632(d). *See, e.g. Snyder v. G6 Hosp. LLC*, 2025 WL 2426613, at *4 (C.D. Cal. Aug. 18, 2025) (reasonable user "would have understood that Motel 6's data collection included the dates of the trip, number of guests, and username" where privacy policy specified "that personal information in above categories is shared with third-party 'Marketing' providers"). But ultimately, even if Plaintiff did not reasonably come to this understanding, any claim under section 632 still necessarily relies on the Guest Records statute and thus must be brought against the hotels rather than Sojern.

**B. Plaintiff's UCL Claim Fails.**

Plaintiff has failed to state a UCL claim because she does not show that she "lost money or property as a result of the unfair competition" or that Sojern engaged in any unlawful, unfair, or fraudulent practices. *Graham v. Wells Fargo Bank, N.A.*, 2017 WL 86013, at *3 (N.D. Cal. Jan. 10, 2017). In her Opposition, she argues that she has alleged UCL standing because she is unable to use her Hilton and Marriott loyalty points because of Sojern's alleged conduct and because her data had value and she was not compensated. (Opp'n at 19.)

Plaintiff cites no authority to support that her refusal to use her loyalty points can serve as an economic injury under the UCL. Nor does she allege the value of said loyalty points. But even if she had, she fails to articulate how those damages could possibly be attributed to Sojern; Hilton and Marriott contracted with Sojern, installed Sojern's software on its website, and dictate the



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

manner of redemption of Plaintiff's loyalty points—which Plaintiff fails to allege can only be redeemed online because doing so would be a brazen misstatement to the Court.

Plaintiff also fails to allege the value *to her* of the data collected. *See Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) (UCL claim fails where plaintiff fails to "show[] how this information has economic value to *him*"). While Plaintiff argues in her Opposition that the "SAC contains detailed allegations regarding how the cash value of Plaintiff's data can be quantified," (Opp'n at 19), she cites to no paragraphs of the SAC to support that assertion. And even if the SAC did allege the cash value of users' data, it does not allege the value of *her* data specifically or that she intended to sell that data herself and was precluded from doing so. *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1054 (N.D. Cal. 2022) (insufficient allegations where complaint was "devoid of any allegations describing how the breach devalued plaintiffs' specific information").

Plaintiff's UCL claim further fails because she has not adequately alleged Sojern engaged in unlawful, unfair, or fraudulent practices. (Mot. at 15.) Plaintiff fails to address Sojern's arguments in her Opposition, thereby conceding the points. (Opp'n at 20.)

### C. Plaintiff's Unjust Enrichment Claim Fails.

As discussed in the Motion, "there is not a standalone cause of action for 'unjust enrichment'" in California. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). But even if there were a stand-alone claim for unjust enrichment, Plaintiff's unjust enrichment claim would still fail because she has not alleged any unlawful or unjust conduct along with Sojern's "unjust retention of [a] benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017). In her Opposition, she argues that she alleged Sojern "benefited from violating Plaintiff's privacy and from taking her data without compensating her," but this is insufficient. She must allege that she either "directly expended [her] own resources" or "that [her] property has become less valuable" in order to state an unjust enrichment claim. *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 946 (N.D. Cal. 2023). She has not done so.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**D. Plaintiff's Invasion of Privacy and Intrusion Upon Seclusion Claims Fail.**

As explained in the Motion, Plaintiff's invasion of privacy and intrusion upon seclusion claims fail because she has not alleged a legally protected privacy interest in the information or that Sojern's alleged intrusion was highly offensive to a reasonable person. (Mot. 17–18.) In her Opposition, Plaintiff contends that the Court should not decide this issue at the pleading stage and collapses the elements of the claims. (Opp'n at 21–22.) Courts routinely determine whether a plaintiff has adequately alleged both a reasonable expectation of privacy and whether the invasion was highly offensive on a motion to dismiss. *See, e.g.*, *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *7 (S.D. Cal. May 8, 2024) (granting motion to dismiss with prejudice where "Plaintiff failed to allege sufficient, specific facts to support either the 'reasonable expectation of privacy' or 'highly offensive' prongs"); *Snyder v. G6 Hosp. LLC*, 2025 WL 2426613, at *5 (C.D. Cal. Aug. 18, 2025) (granting motion to dismiss without leave to amend on intrusion of privacy claim).

Here, and as set forth in the Motion, Plaintiff could not have a reasonable expectation of privacy for information she chose to transmit over the internet. (Mot. at 17-18.) Her attempts to once again rely on the Guest Records statute fail because she has not shown that it applies to Sojern, has not shown that information protected thereunder was transmitted by the hotels to Sojern, and she ignores that the hotels disclosed any such transmission in their privacy policies. Plaintiff does not address these arguments in the Opposition.

While Plaintiff argues that she has alleged that the intrusion was highly offensive because "Sojern secretly places eavesdropping technology on tens or hundreds of thousands of consumer's computers without consent" (Opp'n at 22), again, a reasonable consumer would understand that the information would be transmitted upon agreeing to the hotels' privacy policies. Moreover, Plaintiff concedes that the hotels placed Sojern's technology on their websites (SAC ¶ 4), such that any "highly offensive" conduct could only be committed by Hilton or Marriott. Finally, each of Plaintiff's cases are distinguishable from the allegations here, as the information collected in those matters included sensitive information such as health information. *R.C.*, 2025 WL 948060, at *9 (finding reasonable expectation of privacy and egregious breach of social norms where defendant shared information related to mental health conditions); *Lewis*, 2025 WL 3687546, at *8 (finding



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

allegations sufficient for invasion of privacy where plaintiff alleged collection of health information, private interests, geolocations, personal characteristics, purchasing decisions, app selections, spending habits); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 801 (N.D. Cal. 2022) (distinguishing *Hammerling* because data alleged in *Meta Pixel* was legally protected health information). These claims should be dismissed.

**E. Plaintiff's ECPA Claim Fails for the Same Reasons as Her CIPA Claims.**

Plaintiff's ECPA claim fails because Hilton and Marriott consented to Sojern's recording and involvement. (Mot. at 18.) This bars a claim under ECPA. (*Id.*) In her Opposition, Plaintiff, without any citations to the SAC, contends that the hotels may not have consented to Sojern's involvement. (Opp'n at 23.) But Plaintiff alleged "Hilton and Marriott each installed Sojern's tracking technology on their websites," thereby conceding the point. (SAC ¶ 4.) Plaintiff's attempt to invoke the crime-tort exception is similarly unavailing because, as discussed above, Plaintiff has failed to show that the Guest Records statute applies to Sojern or that Sojern violated that statute.

**F. Equitable Remedies Are Unavailable to Plaintiff.**

Finally, equitable remedies are unavailable to Plaintiff because she has failed to allege she lacks an adequate remedy at law. (*See* Mot. at 19.) Plaintiff alleges that "declining jurisdiction is premature now, where, as here, plaintiff alleges legal remedies may be inadequate." (Opp'n at 25.) But Plaintiff fails to plead any facts showing that she lacks an adequate remedy at law and therefore, her equitable claims must be dismissed. *See In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (affirming dismissal of equitable remedies where plaintiffs "failed to explain how the money they s[ought] through restitution is any different than the money they seek as damages"); *Selby v. Sovrn Holdings, Inc.*, 2025 WL 2950164, at *4 (N.D. Cal. Oct. 17, 2025). The majority of the cases cited by Plaintiff in her Opposition were decided before *Sonner*, (*see* Opp'n at 24), and the other cases are distinguishable. *Belyea v. GreenSky, Inc.*, 2023 WL 8701311, at *7 (N.D. Cal. Dec. 15, 2023) (no adequate remedy at law where dispute existed as to whether there was a private right of action under statute); *Graham v. Cent. Garden & Pet*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Co.*, 2023 WL 2744391, at *4 (N.D. Cal. Mar. 30, 2023) (dismissing plaintiff's claims for restitution and injunctive relief).

## III. CONCLUSION

This is Plaintiff's third bite at the apple. She still has not stated a plausible claim for relief and continues to try and apply a statute that applies to innkeepers to Sojern. She cannot fix these pleading deficiencies, and the Court should dismiss all of Plaintiff's claims with prejudice.

DATED: February 26, 2026

DAVIS WRIGHT TREMAINE LLP
SPENCER PERSSON
MONICA GIBBONS

By: */s/ Spencer Persson*
Spencer Persson
Attorneys for Defendant Sojern, Inc.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899