Spencer Persson (SBN 235054)
spersson@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.442.8803
Facsimile: 310.820.8859

Attorneys for Defendant
SOJERN, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

SUELLEN CRANO, individually and on behalf of other similarly situated individuals,

Plaintiff,

v.

SOJERN, INC.,

Defendant.

Case No.: 3:25-cv-2600-JSC

**DEFENDANT SOJERN, INC.'S SUPPLEMENTAL BRIEF ON ARTICLE III STANDING IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Action Filed: March 17, 2025
SAC Filed: October 16, 2025

# **TABLE OF CONTENTS**

**Page**


TABLE OF AUTHORITIES ........................................................................................... ii

I. INTRODUCTION ........................................................................................................1

II. PLAINTIFF'S INJURY ALLEGATIONS ...................................................................1

III. *POPA* SHOWS THAT ALLEGATIONS OF A STATUTORY WIRETAPPING VIOLATION ALONE DO NOT ESTABLISH A CONCRETE INJURY. ........................2

A. Civil Code Section 53.5 Permits the Hotels' Transfer and Sojern's Use. ...............3

B. Plaintiff Fails to Allege Any Concrete Harm That She Has Suffered. ....................6

IV. CONCLUSION ..........................................................................................................7


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Dawidzik v. Tesla, Inc.*,
2025 WL 3786963 (C.D. Cal. Dec. 29, 2025) ....................6

*Dellasalla v. Samba TV, Inc.*,
No. 3:25-cv-03470-JSC, Dkt. No. 58 (April 21, 2026) ....................5

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ....................7

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ....................3

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) ....................3

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ....................7

*Khamooshi v. Politico LLC*,
2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ....................6, 7

*King v. Nat'l Gen. Ins. Co.*,
2025 WL 2173951 (N.D. Cal. July 31, 2025) ....................6

*Lewis v. Casey*,
518 U.S. 343 (1996) ....................6

*Maghoney v. Dotdash Meredith, Inc.*,
2026 WL 497402 (S.D. Cal. Feb. 23, 2026) ....................7

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ....................6

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................1, 2, 3, 4

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ....................2

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ....................2

*Wooten v. BioLife Plasma Servs. LP*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) ....................7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**State Statutes**

Cal. Civ. Code § 53.5(i) ........ 4

Cal. Civ. Code § 53.5(a) ........ 4

Cal. Civ. Code § 53.5(b) ........ 4

Cal. Civ. Code § 53.5(c) ........ 4

Cal. Civ. Code § 53.5(f) ........ 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

On April 8, 2026, this Court issued an Order informing the parties that they "should be prepared to discuss whether Plaintiff has sustained a concrete injury sufficient to confer Article III standing in light of *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025)." (ECF. No. 68.) On April 14, 2026, the Court heard oral argument on Defendant Sojern, Inc.'s ("Sojern") motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). At the conclusion of that hearing, the Court requested supplemental briefing limited to the issue of Article III standing.

For the reasons set forth herein, nothing in the SAC establishes a concrete injury. While Plaintiff attempts to rely on California Civil Code § 53.5 to create a concrete injury based on a violation of common law privacy torts, nothing in section 53.5 precludes the hospitality sector from sharing booking information with a service provider like Sojern. To the contrary, the statute's definition of "guest records" does not include booking information. Moreover, the use of service providers is expressly permitted under the statute but simply limits "further disclosure." As such, Plaintiff could not reasonably expect that Hilton or Marriott would refrain from transferring booking information to Sojern. Finally, Plaintiff has made no allegation that Sojern "further disclos[ed]" any booking information (let alone any guest records) and, in fact, her allegations show that Sojern simply creates targeted marketing campaigns for the hotels and surrounding businesses in the area but does not further disclose the information itself. (SAC ¶¶ 29-42.) Plaintiff cannot create her own definition of guest records out of whole cloth to argue that Sojern's use of non-sensitive hotel information received from Hilton or Marriott was highly offensive under section 53.5. The SAC should be dismissed.

## II. PLAINTIFF'S INJURY ALLEGATIONS

Plaintiff alleges that Sojern captured "unique identifying numbers . . . alongside information that identified the relevant hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that Plaintiff Crano completed her reservations." (SAC ¶ 4.) Plaintiff contends that Sojern's use of such booking information violates the "right to privacy in California's constitution" and constitutes an intrusion upon seclusion. (SAC ¶¶ 184, 204.) Plaintiff further alleges that she is a loyalty member of both Hilton





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and Marriott, and that she has been injured because she cannot redeem her points on their websites because she dislikes the transfer of booking information. (SAC ¶ 4.) Plaintiff also alleges that she "lost money" because Sojern did not pay her for her booking information, but fails to identify a market for her data, that she planned to participate in that market, or that her ability to participate in that market was impaired by Sojern's use. (SAC ¶ 71-85, 88, 90, 147.)

## III. *POPA* SHOWS THAT ALLEGATIONS OF A STATUTORY WIRETAPPING VIOLATION ALONE DO NOT ESTABLISH A CONCRETE INJURY.

To establish Article III standing, Plaintiff must show she "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426 (2021). The Supreme Court "has rejected the proposition that a plaintiff 'automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion*, 594 U.S. at 426. In other words, "an injury in law is not an injury in fact." *Id*. at 427. A harm may be "concrete" if the injury bears a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit. *Id*. at 424-25; *Popa v. Microsoft Corp.*, 153 F.4th 784, 789 (9th Cir. 2025).

The Ninth Circuit's decision in *Popa* confirmed that *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion* require "a plaintiff to demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury." *Popa*, 153 F.4th at 793. In *Popa*, the plaintiff alleged that a third-party technology tracker captured her web interactions, including some "30 different categories" of information, and identified two relevant common-law tort analogs that were purportedly violated based on the capture of this information: intrusion upon seclusion and public disclosure of private facts. *Id*. at 786, 791.

The Ninth Circuit found neither tort applicable because both require showing a reasonable expectation of privacy and conduct that would be highly offensive to a reasonable person, but the plaintiff had identified no "embarrassing, invasive, or otherwise private" information collected by defendant's technology that would fulfill either prong. *Id*. at 791. In dismissing the wiretapping matter for lack of standing, the Ninth Circuit also noted the differences between plaintiff's web tracking injuries and those resulting from the Restatement's



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

hypothetical examples of traditional privacy torts, finding no relationship with sensitive and private invasions such as "taking intimate pictures" through a bedroom window with a telescopic lens (as an example of intrusion upon seclusion) or the unauthorized publication of a photograph of a woman nursing her child (as an example of public disclosure of private facts). *Id*.

In her briefing and at oral argument, Plaintiff requested that this Court find that she has established a concrete injury for two reasons. First, Plaintiff argues that Sojern's acquisition of booking information bears a close relationship to the harms of invasion of privacy and intrusion upon seclusion such that the invasion itself is a concrete injury. Second, Plaintiff contends that any collection or use of booking information by Sojern caused her actual harm due to her purported inability to use her loyalty points and because Sojern's use of her information deprived her of the benefit of the bargain. This Court should reject both bases for Article III standing.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### A. Civil Code Section 53.5 Permits the Hotels' Transfer and Sojern's Use.

Plaintiff asks this Court to find that Hilton and Marriott's implementation of Sojern's advertising technology both bears a close relationship with—and actually constitutes—an invasion of privacy and intrusion upon seclusion sufficient to confer standing. Because the tests for invasion of privacy and intrusion upon seclusion are so similar, "courts consider them together[.]" *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022). When considering these claims together, courts "ask (1) whether there is a reasonable expectation of privacy, and (2) whether the intrusion was highly offensive." *Id*.

"Given the inherent nature of the internet, … consumers do not have a reasonable expectation of privacy over their activity" on public websites and "[c]ontemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much." *Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024). Plaintiff, however, attempts to manufacture a reasonable expectation of privacy and concrete injury by invoking California's Guest Records Statute, California Civil Code § 53.5. Plaintiff contends that the statute (1) necessarily created a reasonable expectation that Hilton and Marriott would keep her booking information private and, therefore, (2) Sojern's use of that information was highly offensive. Plaintiff's theory fails for several reasons.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

First, section 53.5 governs "an innkeeper, hotelkeeper, motelkeeper, lodginghouse keeper" or "owner or operator" thereof from disclosing "guest records" to a third party without a court order. Cal. Civ. Code §§ 53.5(a), (b). But the statute's definition of "guest records" does not include the "booking information" upon which Plaintiff bases her purported injury. The definition of a "guest record" includes "name, social security number or other unique identifying number, date of birth, location of birth, address, telephone number, driver's license number, other official form of identification, credit card number, or automobile license plate number." (*Id.* § 53.5(c); SAC ¶ 64.) It does not include hotel ID, hotel name/location, hotel room price, number of rooms, check in date, or check out date" notwithstanding Plaintiff's arguments to the contrary. (SAC ¶¶ 4, 52. 65, 67.) And while Plaintiff argues that Sojern captured "unique identifying numbers," she does not identify any number captured that would fit within that definition or explain how it could be considered sensitive like a "social security number."

Second, even if guest records did include booking information, the disclosure prohibition on hotels is not absolute: "[t]his section shall not be construed to prevent a private business . . . from providing business records to a third-party service provider that the private business contracts with for business related services." Cal. Civ. Code § 53.5(i). Here, Plaintiff's allegations show that Hilton and Marriott provided booking information to Sojern "for business related services." Specifically, Plaintiff alleges that "Sojern allows hotels to identify and advertise to in-market travelers for the purposes of online behavioral advertising and to optimize advertising campaigns across multiple channels and devices." (SAC ¶¶ 29, 34). In short, Plaintiff cannot rely on section 53.5 as creating a reasonable expectation that Hilton and Marriott would not share booking information with Sojern, or that Sojern's receipt of that information is highly offensive, where the statute does not govern booking information and expressly permits the transfer of guest records. Ultimately, the hotels' business purpose in optimizing advertising is remarkably similar to the non-offensive purpose in *Popa*, where the Ninth Circuit likened the recording of the website interactions to "a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Popa*, 153 F.4th at 791. The business-related service in both instances is to increase marketability and sales.

Third, Plaintiff could not have a reasonable expectation of privacy in her booking information or find the transfer to Sojern highly offensive where Hilton and Marriott both expressly told her as part of the booking process and as a registered loyalty member that they use third parties like Sojern for advertising purposes. *See* Request for Judicial Notice ("RJN") Exs. F, G (Hilton); RJN Ex. E at 2 (Marriott), ECF No. 62. Hilton's Global Privacy Statement has long disclosed that third parties "may collect such information using server logs, cookies, web beacons, tags, pixels, mobile advertising IDs (such as Facebook cookies or Google's Advertising ID), cross-device linking, and similar technologies," and "may use the fact that [a user] visited [Hilton's] website to target advertising to [the user] on other websites and mobile apps[.]" RJN Ex. C at 18, 28; Ex. H at 17, ECF No. 62. Marriott's Global Privacy Statement similarly disclosed to Plaintiff that Marriott "may use third-party advertising companies" and that "these companies place or recognize a unique cookie on [a user's] browser (including through the use of pixel tags)." RNJ Ex. D at 8, ECF No. 62. Accordingly, the hotels' privacy policies both disclosed the use of third-party contractors for advertising purposes, Plaintiff agreed to the policies, and therefore Plaintiff could not have had a reasonable expectation of no cookies.

Finally, under the statute a "third-party service provider" is only constrained from making a "further disclosure" of "guest records." Cal. Civ. Code § 53.5(f). Here, Plaintiff cannot argue that the transfer of information to Sojern is highly offensive where Plaintiff never alleges that Sojern disclosed sensitive information to any third party. Rather, Plaintiff alleges that "Sojern uses this information to create custom audiences for hotel advertising campaigns." (SAC ¶ 34.) Plaintiff also alleges that Sojern uses data it receives "for other marketing clients who wish to sell that consumer other products at that specific location." (SAC ¶ 36.) But nowhere does Plaintiff allege that Sojern further discloses guest records (or even booking information) to a third-party, and therefore Sojern's use cannot form the underpinnings for a concrete injury under the statute, or through an invasion of privacy or intrusion upon seclusion claim.

This case has far more in common with *Popa* and its progeny than with *Dellasalla v. Samba TV, Inc.*, No. 3:25-cv-03470-JSC, Dkt. No. 58 (April 21, 2026), where this Court found that the VPPA created the reasonable expectation of privacy and the defendant's alleged





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

collection and disclosure of video viewing information was highly offensive due to the heightened protections of that statute. *Compare Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, at *2-3 (C.D. Cal. Dec. 29, 2025) (*Popa* forecloses reliance on broad, generalized privacy interests or "free-roaming" theories untethered to concrete harm); *Khamooshi v. Politico LLC,* 2025 WL 2822879, at *2-3 (N.D. Cal. Oct. 2, 2025) (same). Here, section 53.5 does not cover the information Plaintiff alleges was transmitted, permits hotels to use service providers like Sojern, Sojern's use constituted a business-related service under the statute, and Sojern is not alleged to have further disclosed any guest records in violation of the statute.

### B. <u>Plaintiff Fails to Allege Any Concrete Harm That She Has Suffered.</u>

Plaintiff identifies no guest record information that was supposedly transferred from Hilton or Marriott to Sojern. Rather, Plaintiff generally alleges that "information that identified the relevant hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that Plaintiff Crano completed her reservations" was transferred to Sojern. (SAC ¶¶ 4, 65.) But even if that information was protected by the Guest Record Statute, absent are any allegations stating which hotel Plaintiff booked, the dates of her stay, or whether she followed through with her reservation. More critically, she fails to plead any facts showing that Sojern used *her* information. Despite urging that Sojern uses hotel booking information for "hotel advertising campaigns" and "for other marketing clients who wish to sell that consumer other products at that specific location" (SAC ¶¶ 34, 36), Plaintiff does not identify a single advertisement that she received due to her booking information being transferred to Sojern.

This is plainly insufficient to confer standing on Plaintiff. "Article III standing applies with equal force to class actions as to individual claims." *King v. Nat'l Gen. Ins. Co.*, 2025 WL 2173951, *2 (N.D. Cal. July 31, 2025), citing *Lewis v. Casey*, 518 U.S. 343, 357-58 (1996). Plaintiff's vague allegations do not fulfill the notice pleading standards and, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Id.*, citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The absence of allegations showing that *Plaintiff's information* was shared—including information relating to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

advertisements received which would be plainly within Plaintiff's knowledge—requires dismissal on standing grounds following *Popa*. *Khamooshi,* 2025 WL 2822879, at *2-3 (no standing where plaintiff listed categories of information that in theory *could* be shared but failed to "identify the *specific* information allegedly disclosed."); *Wooten v. BioLife Plasma Servs. LP*, 807 F. Supp. 3d 1139, 1145 (E.D. Cal. 2025) (dismissing for lack of standing where plaintiffs failed to allege that they received targeted advertisements or suffered any concrete consequence, and rejecting technological capability-based theories of harm).[1] Here, while Plaintiff alleges that Sojern captures booking information in order to serve targeted advertising, she does not allege that she received any ads that she was offended by.

Nor do Plaintiff's allegations that she is unable to use her loyalty points or that Sojern's use of her information deprived her of the benefit of the bargain confer standing. As set forth in Sojern's Reply, Plaintiff does not allege the value of her loyalty points, that she can only redeem those points online, or that it was Sojern rather than Hilton or Marriott that deprived her of the use of those points. *See* ECF No. 64 at 11. Regarding her claims that Sojern deprived her of the benefit of the bargain or diminished the value of her booking information, Plaintiff "must"—but does not—"allege the existence of a market for [her booking] data and the impairment of the ability to participate in that market." ECF No. 60 at 14-15 (citing, *inter alia*, *Ji v. Naver Corp.*, 2022 WL 4624898, at *9 (N.D. Cal. Sept. 30, 2022); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845, 849 (N.D. Cal. 2024)). These deficiencies are fatal to any claims of concrete injury.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, and those included in its moving papers, Sojern respectfully requests that the SAC be dismissed in its entirety with prejudice, including under Article III.

[1] Even allegations that a defendant captured sensitive health-related terms concerning chlamydia, genital warts, and other sexually transmitted infections were insufficient to confer Article III standing where the plaintiff failed to establish that the information was tied to the plaintiff's own medical history. *Maghoney v. Dotdash Meredith, Inc.,* 2026 WL 497402, at *1, 5 (S.D. Cal. Feb. 23, 2026). "The data show only that Plaintiffs searched and viewed publicly available health information that cannot, in and of itself, reveal details of an individual's health status or medical history" and "[a]nyone from a schoolteacher writing a lesson plan for a sex-ed class or a researcher looking to analyze potential findings could enter these searches into [defendant's] informational website." *Id.* at 5.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: May 1, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Spencer Persson*
Spencer Persson

Attorneys for Defendant Sojern, Inc.